■ JAN PUGH, Respondent, v. CHESTER CAB CORP. et al., Appellants.— Order, Supreme Court, New York County, entered September 8, 1972, granting plaintiff's motion for summary judgment and directing an assessment of damages, reversed, on the law, and the motion denied. Appellants shall recover of respondent $60 costs and disbursements of this appeal. Plaintiff, while a passenger in a taxicab, was allegedly injured when the vehicle skidded into several cars which were parked along the curb. It is claimed that the driver was proceeding at an excessive rate of speed, on a wet pavement and that he did not have the vehicle under reasonable control. In opposition to the motion for summary judgment the driver submitted an affidavit stating that he "was travelling at a moderate rate of speed and [his] vehicle commenced to skid on an oil slick and came in contact with two vehicles which were parked on the right-hand curb". He also stated that he attempted to take evasive action to control the skidding motion of the motor vehicle. The deposition of the driver, which had been taken on his examination before trial and which was submitted by plaintiff in support of the motion for summary judgment revealed that he had not personally observed the oil slick but had been told of its presence by the policeman who was present at the scene of the accident. We believe that issues of fact were presented requiring the denial of summary judgment. It is to be noted that plaintiff's moving papers did not contain a personal affidavit and while such affidavit was supplied in the reply papers, defendants did not at that point have the opportunity to submit further evidentiary matter. In that posture of the case the affidavit of the defendant Bertuna and this testimony on the examination before trial concerning the presence of the oil slick was sufficient to create an issue of fact as to the cause of the accident. Indeed, even though the driver did not indicate that he personally observed the oil slick, a fair reading of his deposition indicates that it was his position that the accident occurred through no fault on his part when the automobile came into contact with some substance on the road. Such explanation is sufficient to raise a question as to whether the accident occurred as a result of unavoidable accident. (*Ward* v. *Perry,* 33 A D 2d 1002.) *Axelrod* v. *Armitstead* (36 A D 2d 593) cited in the dissent, is distinguishable. In that case the defendant merely stated that he did not see the parked car with which he collided until he was approximately three feet away from it. The record there failed to indicate any cause for the accident other than defendant's negligence. Concur — Markewich, J. P., Lane, Tilzer and Macken, JJ.; Nunez J., dissents in the following memorandum: I would affirm on Justice Mangan's opinion at Special Term. Summary judgment in plaintiff's favor was properly granted. In *Axelrod* v. *Armitstead* (36 A D 2d 593) a case on all fours with the case at bar, we reversed an order denying summary judgment and remitted for an assessment of damages. Here, as in *Axelrod,* the plaintiff was a passenger in an automobile which collided with several parked cars. The only possible cause of the accident was the driver's failure to keep his taxicab under control. This is clearly established by the record. No one entertains any doubt that plaintiff will eventually prevail. In my view, the majority is defeating the ends of justice and unnecessarily contributing to calendar congestion by delaying the inevitable result and in the process nullifying the holding of our court in *Di Sabato* v. *Soffes* (9 A D 2d 297). (See, also, *Donlon* v. *Pugliese,* 27 A D 2d 786; *General Inv. Co.* v. *Interborough R. T. Co.,* 235 N. Y. 133, 142–143; *Dwan* v. *Massarene,* 199 App. Div. 872, 880.)