■ JOSEFINA GARCIA, Appellant, v TRI-COUNTY AMBULETTE SERVICE, INC., et al., Respondents. [723 NYS2d 163] —Order,

Supreme Court, New York County (Richard Lowe, III, J.), entered on or about May 17, 2000, which denied plaintiff's motion for partial summary judgment on the issue of liability and to strike defendant's affirmative defense of failure to utilize seatbelts, unanimously reversed, on the law, without costs, plaintiff's motion granted to the extent of finding no culpable conduct by plaintiff on the issue of liability and limiting defendants' seatbelt defense to the jury's determination of plaintiff's damages and in mitigation thereof and the matter remanded for further proceedings.

Plaintiff was a passenger in the rear seat of Tri-County's ambulette when it was involved in an intersection accident at Park Avenue and East 111th Street. Both drivers claim that they had a green light to enter the intersection. Plaintiff, as an innocent rear-seat passenger in one of the vehicles who cannot possibly be found at fault under either defendant's version of the accident, is entitled to partial summary judgment.

In summarily denying plaintiff's motion, the IAS court failed to give any reason for its decision, thus making our task more difficult. Nevertheless, since it is well settled that the right of an innocent passenger to summary judgment is not in any way restricted by potential issues of comparative negligence as between the drivers of the two vehicles (*see, Johnson v Phillips*, 261 AD2d 269, 272), plaintiff should have been granted partial summary judgment on the issue of liability.

Defendants' only argument, contained in identical briefs, is that plaintiff is not entitled to summary judgment as to liability against both defendants, where the possibility exists that one or the other may not be found negligent by a jury. However, CPLR 3212 (g) permits the court to limit issues of fact for trial, by specifying which facts are not in dispute or are incontrovertible, and such facts shall be deemed established for all purposes in the action. Accordingly, we find that plaintiff was free from culpable conduct on the issue of liability.

Finally, as to defendants' seatbelt defense, such defense should have been limited to the jury's determination of plaintiff's damages and in mitigation thereof (*see, Spier v Barker*, 35 NY2d 444, 449-450; *Tome v Buitrago*, 75 AD2d 521 [Kupferman, J., dissenting]). Concur—Nardelli, J. P., Tom, Andrias, Wallach and Saxe, JJ.