■ ANDREW CONIGLIARO et al., Plaintiffs, v PREMIER POULTRY, INC., et al., Defendants and Third-Party Plaintiffs-Appellants. CITY OF NEW YORK, Third-Party Defendant-Respondent. [888 NYS2d 779]—

In a consolidated action to recover damages for personal injuries, the defendants and third-party plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Rothenberg, J.), dated October 29, 2008, as, upon granting the motion of the plaintiff Andrew Conigliaro for summary judgment on the issue of liability, in effect, searched the record and awarded summary judgment in favor of the third-party defendant dismissing the third-party complaint.

Ordered that the order is modified, on the law, by deleting the provision thereof, in effect, searching the record and awarding summary judgment to the third-party defendant dismissing the third-party cause of action for contribution for the injuries sustained by the plaintiff Andrew Conigliaro; as so modified, the order is affirmed insofar as appealed from, with one bill of costs payable to the defendants third-party plaintiffs.

This case involves a motor vehicle accident, in which the plaintiff Andrew Conigliaro, a passenger in a vehicle operated by the plaintiff Joseph Siciliano and owned by the City of New York (hereinafter the City), was injured in a collision with a vehicle operated by the defendant Stephen M. Flynn and owned by the defendant Premier Poultry, Inc. In two actions, which were later consolidated, the plaintiffs sued the defendants Premier Poultry, Inc., and Stephen M. Flynn (hereinafter the appellants). The appellants in turn sought contribution from the plaintiff Joseph Siciliano to the extent that any injuries and damages were found to be due to his comparative negligence, and also commenced a third-party action against the City based

on its vicarious liability as the owner of the vehicle operated by Joseph Siciliano.

Subsequently, Conigliaro moved for summary judgment on the issue of liability. Upon granting that motion, the Supreme Court, in effect, searched the record and awarded summary judgment to the City dismissing the third-party complaint.

As the City correctly concedes, this was error (see *Mowczan v Bacon,* 92 NY2d 281 [1998]). The fact that Conigliaro, as an innocent passenger, was awarded summary judgment as to the appellants' liability does not preclude a later apportionment of fault between the drivers of the two vehicles involved in the accident (see *Garcia v Tri-County Ambulette Serv.,* 282 AD2d 206 [2001]). Accordingly, the court should not have, in effect, searched the record and awarded summary judgment dismissing the third-party cause of action for contribution asserted against the City, based on its vicarious liability as an owner, for the injuries sustained by Conigliaro to the extent that it could be shown that the plaintiff Joseph Siciliano was comparatively negligent. Rivera, J.P., Florio, Miller and Hall, JJ., concur.