■ Luis Medina, Respondent, v Leonidas Rodriguez et al., Appellants, and Jane Jongjin Bae et al., Defendants. [939 NYS2d 514]—

The plaintiff was a rear seat passenger in a livery taxicab operated by the defendant Leonidas Rodriguez and owned by the defendant L & N Car Service (hereinafter together the appellants) when the taxicab was involved in a collision with a vehicle operated by the defendant Jane Jongjin Bae and owned by the defendant Sang Moon Bae. The plaintiff commenced this action to recover damages for personal injuries, and moved, in effect, for summary judgment on the issue of whether he was at fault in the happening of the accident.

The Supreme Court properly granted that branch of the plaintiff's motion which was, in effect, for summary judgment against the appellants on the issue of whether the plaintiff was at fault in the happening of the accident. The right of an innocent passenger to summary judgment on the issue of whether he or she was at fault in the happening of an accident is not restricted by potential issues of comparative negligence as between two defendant drivers (*see* CPLR 3212 [g]; *Garcia v Tri-County Ambulette Serv.*, 282 AD2d 206, 207 [2001]; *Johnson v Phillips*, 261 AD2d 269, 272 [1999]; *Silberman v Surrey Cadillac Limousine Serv.*, 109 AD2d 833, 833-834 [1985]; *see also*

*Conigliaro v Premier Poultry, Inc.*, 67 AD3d 954, 955 [2009]). The plaintiff made a prima facie showing that he did not engage in any culpable conduct that contributed to the happening of the accident (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). In opposition, the appellants failed to raise a triable issue of fact. Contrary to the appellants' contention, summary judgment was not premature. The appellants failed to demonstrate that discovery may lead to relevant evidence or that facts essential to justify opposition to the motion were exclusively within the knowledge and control of the plaintiff (*see* CPLR 3212 [f]; *Martinez v Kreychmar*, 84 AD3d 1037, 1038 [2011]; *Theresa Striano Revocable Trust v Hoffman*, 71 AD3d 993, 994 [2010]; *Hill v Ackall*, 71 AD3d 829, 830 [2010]). Dillon, J.P., Florio, Chambers and Lott, JJ., concur.