■ MERCEDES RODRIGUEZ et al., Respondents, v SEAN FARRELL, Appellant. [983 NYS2d 68]—

In a consolidated action to recover damages for personal injuries, the defendant appeals from (1) an order of the Supreme Court, Kings County (F. Rivera, J.), dated July 20, 2012, which granted the motion of the plaintiff Mercedes Rodriguez for summary judgment on the issue of liability, and (2) an order of the

same court dated November 9, 2012, which granted the motion of the plaintiff Rodolfo Gomez for summary judgment on the issue of liability.

Ordered that the orders are affirmed, with one bill of costs.

This case arises from a rear-end collision involving two vehicles. The plaintiffs Mercedes Rodriguez and Rodolfo Gomez were passengers in a vehicle operated by Nelson Tomas Moncion, which was struck in the rear by a vehicle operated by the appellant, Sean Farrell. The plaintiffs commenced separate actions against Farrell. The two actions were subsequently consolidated for all purposes.

Rodriguez moved for summary judgment on the issue of liability. The Supreme Court granted the motion, concluding that Farrell's negligence was the sole proximate cause of the accident. Gomez separately moved for summary judgment on the issue of liability. The Supreme Court granted the motion, again concluding that Farrell's negligence was the sole proximate cause of the accident. We affirm, albeit on a different ground.

Both plaintiffs established their entitlement to judgment as a matter of law by demonstrating, prima facie, that the vehicle in which they were passengers was struck in the rear by Farrell's vehicle (*see Kertesz v Jason Transp. Corp.*, 102 AD3d 658 [2013]; *Kastritsios v Marcello*, 84 AD3d 1174 [2011]). "A rear-end collision with a stopped or stopping vehicle creates a prima facie case of negligence against the operator of the rear vehicle, thereby requiring that operator to rebut the inference of negligence by providing a nonnegligent explanation for the collision" (*Volpe v Limoncelli*, 74 AD3d 795, 795 [2010]). In opposition to the plaintiffs' prima facie showings, Farrell failed to provide a nonnegligent explanation for the rear-end collision. Although Farrell submitted evidence sufficient to raise a triable issue of fact as to whether Moncion was comparatively at fault in causing the accident (*see Pollard v Independent Beauty & Barber Supply Co.*, 94 AD3d 845 [2012]; *Vargas v Luxury Family Corp.*, 77 AD3d 820 [2010]), that evidence was insufficient to defeat the plaintiffs' motions for summary judgment since Farrell failed to raise a triable issue of fact as to whether either one of the plaintiffs was at fault in the happening of the accident. Upon establishing his or her freedom from fault, the right of an innocent passenger to an award of summary judgment on the issue of liability against one driver is not barred or restricted by potential issues of comparative fault as between that driver and the driver of another vehicle involved in the accident (*see Medina v Rodriguez*, 92 AD3d 850 [2012]; *Garcia v Tri-County Ambulette Serv.*, 282 AD2d 206, 207 [2001]; *Johnson v Phillips*,

261 AD2d 269 [1999]; *Silberman v Surrey Cadillac Limousine Serv.*, 109 AD2d 833, 833-834 [1985]). Additionally, the motions were not premature. Farrell failed to demonstrate that discovery would lead to relevant evidence or that facts essential to justify opposition to the motions were exclusively within the knowledge and control of the plaintiffs (*see* CPLR 3212 [f]; *Medina v Rodriguez*, 92 AD3d at 851; *Hill v Ackall*, 71 AD3d 829 [2010]). Accordingly, the Supreme Court properly granted the plaintiffs' separate motions for summary judgment on the issue of Farrell's liability. Mastro, J.P., Dillon, Leventhal and Duffy, JJ., concur.