■ LUZMIL M. PINILLA, Respondent, v NEW YORK CITY TRANSIT AUTHORITY et al., Appellants, and BILAL LEWIS, Respondent, et al., Defendant. [996 NYS2d 198]—

In an action to recover damages for personal injuries, the defendants New York City Transit Authority, Maggie's Paratransit

Corp., and Tyrone Kemp appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Graham, J.), entered August 16, 2013, as granted the plaintiff's motion for summary judgment on the issue of liability against them and that branch of the cross motion of the defendant Bilal Lewis which was for summary judgment dismissing all cross claims insofar as asserted by them against him, and the defendants Metropolitan Transportation Authority and Agostino Vona appeal, as limited by their brief, from so much of the same order as granted that branch of the cross motion of the defendant Bilal Lewis which was for summary judgment dismissing all cross claims insofar as asserted by them against him.

Ordered that the order is reversed insofar as appealed from, on the law, with one bill of costs payable to the appellants by the plaintiff and the defendant Bilal Lewis, the plaintiff's motion for summary judgment on the issue of liability against the defendants New York City Transit Authority, Maggie's Paratransit Corp., and Tyrone Kemp is denied, and that branch of the cross motion of the defendant Bilal Lewis which was for summary judgment dismissing the cross claims of the appellants asserted against him is denied.

On November 28, 2011, the defendant Tyrone Kemp was operating an Access-A-Ride vehicle eastbound on Jefferson Avenue in Brooklyn. The vehicle was owned by the defendant New York City Transit Authority (hereinafter NYCTA) and leased to Kemp's employer, the defendant Maggie's Paratransit Corp. On that date, the defendant Bilal Lewis was operating his vehicle, in which the plaintiff was a rear-seat passenger, northbound on Howard Avenue, which, in the vicinity of Jefferson Avenue, is a one-way northbound thoroughfare. It is undisputed that these two vehicles collided with one another in the intersection of Jefferson Avenue and Howard Avenue. The plaintiff subsequently commenced the instant action against NYCTA, Access-A-Ride, the Metropolitan Transportation Authority (hereinafter the MTA), Maggie's Paratransit Corp., Kemp, Agostino Vona, who allegedly co-owned or maintained the Access-A-Ride vehicle, and Lewis, alleging negligence and seeking to recover damages for personal injuries. The plaintiff moved for summary judgment on the issue of liability against NYCTA, Maggie's Paratransit Corp., and Kemp. Lewis cross-moved for summary judgment dismissing the complaint and all cross claims insofar as asserted against him. The Supreme Court granted both the motion and the cross motion. NYCTA, Maggie's Paratransit Corp., Kemp, the MTA, and Vona appeal from the portions of the order that were adverse to them.

In support of that branch of his cross motion which was for summary judgment dismissing the appellants' cross claims, Lewis failed to demonstrate, prima facie, that he was free from comparative fault in the happening of the accident or that Kemp's alleged negligence was the sole proximate cause of the accident (*see Skoczek v Delgado*, 115 AD3d 844 [2014]; *Graeber-Nagel v Naranjan*, 101 AD3d 1078 [2012]; *Simmons v Canady*, 95 AD3d 1201 [2012]). Therefore, the Supreme Court erred in granting that branch of Lewis's cross motion which was for summary judgment dismissing the appellants' cross claims against him.

The Supreme Court further erred in granting the plaintiff's motion for summary judgment on the issue of liability against the NYCTA, Maggie's Paratransit Corp., and Kemp. The right of an innocent passenger to summary judgment on the issue of whether he or she was at fault in the happening of an accident is not restricted by potential issues of comparative negligence as between two defendant drivers (*see* CPLR 3212 [g]; *Anzel v Pistorino*, 105 AD3d 784, 786 [2013]; *Medina v Rodriguez*, 92 AD3d 850 [2012]; *Garcia v Tri-County Ambulette Serv.*, 282 AD2d 206, 207 [2001]; *Johnson v Phillips*, 261 AD2d 269, 272 [1999]; *Silberman v Surrey Cadillac Limousine Serv.*, 109 AD2d 833, 833-834 [1985]; *see also Conigliaro v Premier Poultry, Inc.*, 67 AD3d 954, 955 [2009]). Here, the plaintiff made a prima facie showing on her motion for summary judgment with evidence that she did not engage in any culpable conduct that contributed to the happening of the accident (*see Medina v Rodriguez*, 92 AD3d at 851). However, in opposition, Kemp raised a triable issue of fact as to whether he was completely free from fault in the happening of the accident. Specifically, in his affidavit, Kemp asserted that he brought the Access-A-Ride vehicle that he was operating to a complete stop at a stop sign controlling eastbound traffic on Jefferson Avenue at its intersection with Howard Avenue, and remained stopped there for six or seven seconds. He further asserted that he then activated his left directional signal, looked to his right for oncoming northbound traffic, and observed Lewis's vehicle coming from his right approximately one block away in the right northbound lane of Howard Avenue. Kemp explained that he then made a left turn onto the left northbound lane of Howard Avenue, and that it appeared that he had sufficient time and space to do so, when Lewis accelerated from 35 miles per hour to 50 miles per hour, attempted to change lanes from the right to the left northbound lane of Howard Avenue, and cut in front of Kemp's vehicle in order to secure a parking spot next to the westernmost, or left, curb of Howard Avenue. According to Kemp,

Lewis's conduct in accelerating to a speed in excess of the applicable speed limit, abruptly attempting to change lanes, and cutting off Kemp's vehicle was the sole proximate cause of the accident, since Kemp immediately applied his brakes but could not avoid the collision. This affidavit was clearly sufficient to raise a triable issue of fact as to whether Kemp was completely free from fault in the happening of the accident. Therefore, the Supreme Court should not have granted the plaintiff's motion for summary judgment on the issue of liability against NYCTA, Maggie's Paratransit Corp., and Kemp (*see Reitz v Seagate Trucking, Inc.*, 71 AD3d 975 [2010]; *Morrison v Montzoutsos*, 40 AD3d 717 [2007]).

The plaintiff's remaining contention is not properly before this Court (*see AMS Prods., LLC v Signorile*, 66 AD3d 929 [2009]). Rivera, J.P., Roman, Sgroi and LaSalle, JJ., concur.