(December 17, 2014)

■ Nazir Anjum, Appellant, v Tenika R. Bailey et al., Respondents. [999 NYS2d 454]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Westchester County (Lefkowitz, J.), dated October 25, 2013, which denied his motion for summary judgment on the issue of liability, with leave to renew upon the completion of discovery.

Ordered that the order is affirmed, with one bill of costs.

This appeal involves a motor vehicle accident that occurred on New Main Street near Palisades Avenue in Yonkers, New York. The plaintiff alleges that he was seated in a taxi that was legally parked on New Main Street, which is a one-way, westbound-only roadway, when the defendant Tenika R. Bailey pulled out of a parking space on the opposite side of the street. Bailey's vehicle hit a vehicle driven by the defendant Nixon J. Mejia, which allegedly caused Mejia's vehicle to strike the plaintiff's taxi as it was still parked. The plaintiff commenced this action to recover damages for personal injuries.

Although depositions of the parties had not yet been conducted, the plaintiff moved for summary judgment on the issue of liability against Bailey and Mejia. Bailey opposed the motion arguing, inter alia, that she was not negligent, as she was sideswiped by Mejia while he tried to drive through a green light at Palisades Avenue. An MV-104A accident report submitted with Bailey's opposition papers indicated that Mejia stated at the scene that his vehicle was struck by Bailey. Mejia did not submit an affidavit in opposition to the motion, though his attorney argued that the plaintiff's motion for summary judgment was premature. The Supreme Court denied the plaintiff's motion for summary judgment, with leave to renew upon the completion of discovery.

A party seeking summary judgment bears the initial burden of establishing prima facie entitlement to such relief, tendering sufficient evidence to eliminate any material issues of fact from the case (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]; *Zuckerman v City of New York*, 49 NY2d 557,

562 [1980]). In a personal injury action, to prevail on a motion for summary judgment on the issue of liability, a plaintiff has the burden of establishing, prima facie, not only that a defendant was negligent, but also that he or she was free from comparative fault (*see Thoma v Ronai*, 82 NY2d 736, 737 [1993]; *Espinoza v Coco-Cola Bottling Co. of N.Y., Inc.*, 121 AD3d 640 [2014]; *Gorenkoff v Nagar*, 120 AD3d 470 [2014]; *Lu Yuan Yang v Howsal Cab Corp.*, 106 AD3d 1055, 1055-1056 [2013]). Here, the plaintiff established, prima facie, that Mejia was negligent by virtue of coming into contact with the plaintiff's vehicle, that Bailey was negligent by pulling her vehicle out of her parking space when it was unsafe to do so in violation of Vehicle and Traffic Law § 1162, and that he was free from comparative fault, as he was merely seated within a legally parked vehicle at the time of the accident. However, Bailey's opposition papers, which included her affidavit and the MV-104A accident report form, raised triable issues of fact as to whether Bailey or Mejia were individually nonnegligent, which prevents the plaintiff from obtaining summary judgment against either defendant. This matter involves more than simply a trier of fact's apportionment of fault between both defendants (*see Rodriguez v Farrell*, 115 AD3d 929 [2014]; *Medina v Rodriguez*, 92 AD3d 850, 851 [2012]; *Garcia v Tri-County Ambulette Serv.*, 282 AD2d 206, 207 [2001]), since conceivably, one defendant or the other could be found to be nonnegligent.

Accordingly, the Supreme Court properly denied the plaintiff's motion for summary judgment on the issue of liability, with leave to renew upon the completion of discovery. Dillon, J.P., Dickerson, Austin and Cohen, JJ., concur.