[22 NYS3d 75]

Meshele Phillip, Respondent, v D&D Carting Co., Inc., et al., Appellants, et al., Defendants. (And Other Actions.)

Second Department, December 9, 2015

**APPEARANCES OF COUNSEL**

*McCabe, Collins, McGeough & Fowler, LLP*, Carle Place (*Patrick M. Murphy* of counsel), for appellants.

*Koenigsberg & Associates, P.C. Law Offices*, Brooklyn (*Richard S. Weiss* of counsel), for respondent.

**OPINION OF THE COURT**

DILLON, J.P.

## I. Facts

This appeal arises out of a two-vehicle, rear-end collision that occurred on November 7, 2011 at the intersection of Flatbush Avenue and Beverley Road in Brooklyn. The lead vehicle, a passenger van, was owned by the defendants Sunjet Express, Inc., and Petamar Prasad, and operated by the defendant Derrick Valentine Johnson (hereinafter collectively the Sunjet defendants). The rear vehicle was a garbage truck owned by the defendant D&D Carting Co., Inc., and operated by the defendant Eric Gutierrez. The van was stopped on Flatbush Avenue discharging passengers at its intersection with Beverley Road when it was struck in the rear by the truck. The plaintiff, who was seated in the last row of the van with her seat belt on, allegedly was injured as a result of the impact between the truck and the van. The truck's operator, Gutierrez, explained in an affidavit that as he approached a red light at the intersection, he applied his brakes in a normal fashion, but his truck skidded on oil on the surface of the roadway. Gutierrez asserted that, as a result, he was unable to stop the truck, and it struck the back of the van. According to Gutierrez, at the moment of impact, the van was parked in a manner that partially blocked a moving lane of traffic. Thereafter, the plaintiff commenced this action against D&D, Gutierrez, and the Sunjet defendants, seeking to recover damages for personal injuries.

After the exchange of certain documentary discovery, but before any party depositions were conducted, the Sunjet defendants moved for summary judgment dismissing the complaint insofar as asserted against them. The plaintiff separately moved for summary judgment on the issue of liability insofar as asserted against D&D and Gutierrez, but made no motion against the Sunjet defendants. The Sunjet defendants separately moved for summary judgment in a related action arising out of the accident that involved another plaintiff.

As relevant here, the plaintiff argued, in support of her motion, that she was entitled to summary judgment on the issue of liability against D&D and Gutierrez on the ground that she was a nonoperator, innocent passenger in the stopped van and

that, as such, her conduct could not have been a proximate cause of the rear-end collision between the truck and the van. And, although she alleged in her complaint that the Sunjet defendants were at fault in the happening of the accident, the plaintiff specifically argued in her motion papers that the sole proximate cause of the accident was Gutierrez's failure to maintain control over the truck.

D&D and Gutierrez opposed the plaintiff's motion for summary judgment, contending both that Gutierrez was not at fault for the accident because the truck skidded on oil, and that the negligence of the van's operator contributed to the accident. In support of their position, they submitted Gutierrez's affidavit, in which he attributed the accident, in part, to the skidding of the truck on roadway oil. D&D and Gutierrez thus argued that the incident was an "unavoidable accident," occasioned by the presence of oil on the roadway, without negligence on the part of Gutierrez. Although Gutierrez averred that he took a photograph of the oil at the scene with his cell phone, as reproduced in the record, the quality of the photograph which allegedly depicts oil spots on the roadway is poor. Gutierrez's affidavit also attributed the accident, in part, to the van operator's negligence in parking the van in such a manner that it was partially situated in a moving lane of traffic at the time of the collision. Despite the fact that D&D and Gutierrez had asserted the affirmative defense of contributory negligence in their answer, they did not dispute the plaintiff's averments that she was seated in the rear of the van with her seat belt on when the accident occurred, or suggest that she was in any manner at fault.

In the order appealed from, dated December 20, 2013, the Supreme Court denied the Sunjet defendants' motion for summary judgment dismissing the complaint insofar as asserted against them, without prejudice to renewal upon the completion of depositions, and granted the plaintiff's motion for summary judgment on the issue of liability insofar as asserted against D&D and Gutierrez. D&D and Gutierrez appeal, as limited by their brief, from so much of the order as granted the plaintiff's motion.

For the reasons set forth below, we reverse the order insofar as appealed from, and conclude that the plaintiff is not entitled to summary judgment on the issue of liability against D&D and Gutierrez. However, since the plaintiff's freedom from comparative fault is incontrovertible on this record, we further

conclude that she is entitled to the entry of an order pursuant to CPLR 3212 (g) specifying that she was free from comparative fault in the happening of the accident.

## II. Legal Analysis

The procedure for determining motions for summary judgment has often been described. The party seeking summary judgment bears the initial burden of establishing his or her prima facie entitlement to judgment as a matter of law, tendering evidence sufficient to eliminate any triable, material issues of fact from the case (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]; *Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]; *Sillman v Twentieth Century-Fox Film Corp.*, 3 NY2d 395, 404 [1957]). The evidence submitted in support of a motion for summary judgment must be in a form that would render it admissible at trial (*see Friends of Animals v Associated Fur Mfrs.*, 46 NY2d 1065, 1067-1068 [1979]). If the moving party fails to meet his or her prima facie burden, the papers submitted in opposition need not be considered (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). Conversely, if the moving party makes a prima facie showing, the burden shifts to the opposing party to demonstrate the existence of an issue of fact requiring a trial (*see Alvarez v Prospect Hosp.*, 68 NY2d at 324; *Zuckerman v City of New York*, 49 NY2d at 562; *Friends of Animals v Associated Fur Mfrs.*, 46 NY2d at 1068).

> "A rear-end collision with a stopped or stopping vehicle creates a prima facie case of negligence with respect to the operator of the moving vehicle and imposes a duty on the operator [of the offending vehicle] to rebut the inference of negligence by providing a non-negligent explanation for the collision" (*Delgado v Bang*, 120 AD3d 608, 609 [2014]; *see D'Agostino v YRC, Inc.*, 120 AD3d 1291 [2014]; *Billis v Tunjian*, 120 AD3d 1168 [2014]; *O'Rourke v Carucci*, 117 AD3d 1015 [2014]; *Robayo v Aghaabdul*, 109 AD3d 892, 893 [2013]; *Mallen v Su*, 67 AD3d 974 [2009]).

To prevail on a motion for summary judgment on the issue of liability, a plaintiff must establish, prima facie, not only that the opposing party was negligent, but also that the plaintiff was free from comparative fault (*see Thoma v Ronai*, 82 NY2d 736, 737 [1993]; *Espinoza v Coco-Cola Bottling Co. of N.Y., Inc.*, 121 AD3d 640 [2014]; *Gorenkoff v Nagar*, 120 AD3d 470 [2014]; *Lu Yuan Yang v Howsal Cab Corp.*, 106 AD3d 1055, 1055-1056

[2013]). Thus, a plaintiff has a twofold burden that trial courts must bear in mind when determining motions for summary judgment, because more than one actor may be a proximate cause of a single accident (*see Adobea v Junel*, 114 AD3d 818 [2014]; *Ramos v Bartis*, 112 AD3d 804 [2013]; *Allen v Echols*, 88 AD3d 926, 927 [2011]; *Pollack v Margolin*, 84 AD3d 1341, 1342 [2011]; *Lopez v Reyes-Flores*, 52 AD3d 785, 786 [2008]).

■ Here, the plaintiff met her prima facie burden of demonstrating her entitlement to judgment as a matter of law with respect to both aspects of the twofold test. The plaintiff could rely upon the legal inference that D&D and Gutierrez were negligent, as it was clear from the submissions that their garbage truck struck the van in the rear while the van was in a stopped position at the scene of the accident (*see Billis v Tunjian*, 120 AD3d 1168 [2014]; *Amador v City of New York*, 120 AD3d 526 [2014]; *Cajas-Romero v Ward*, 106 AD3d 850, 851 [2013]; *Kertesz v Jason Transp. Corp.*, 102 AD3d 658, 658-659 [2013]; *Menelas v Yearwood-Bobb*, 100 AD3d 603, 604-605 [2012]; *Ramos v TC Paratransit*, 96 AD3d 924, 925 [2012]). Moreover, the plaintiff established that she did not engage in any culpable conduct that contributed to the happening of the accident, as she was a mere passenger within the van, without any control over its positioning and operation upon the roadway (*see Rodriguez v Farrell*, 115 AD3d 929 [2014]; *Medina v Rodriguez*, 92 AD3d 850, 851 [2012]; *Garcia v Tri-County Ambulette Serv.*, 282 AD2d 206, 207 [2001]).

■ In granting the plaintiff's motion for summary judgment on the issue of liability insofar as asserted against D&D and Gutierrez, the Supreme Court necessarily determined that D&D and Gutierrez failed to raise a triable issue of fact in opposition, namely, a nonnegligent explanation for the rear-end collision. While we agree that their opposition papers failed to identify a triable issue of fact as to whether the plaintiff was somehow at fault in the happening of the accident, the papers nonetheless raised colorable, triable issues of fact regarding whether D&D and Gutierriez were free from all fault. Specifically, Gutierrez maintained in his opposing affidavit that, as he applied the brakes of the truck in a normal fashion while approaching a red light at the intersection, the truck did not stop, but instead skidded on roadway oil.

Although the Gutierrez affidavit lacked details regarding his speed, the distance he traveled, and the amount of roadway oil that may have been present, we note that Gutierrez was never

deposed because the plaintiff moved for summary judgment before any party depositions were conducted. An unavoidable skid on wet pavement may suffice as a nonnegligent explanation for a rear-end automobile accident (*see generally Sayyed v Murray*, 109 AD3d 464 [2013]; *Ramos v TC Paratransit*, 96 AD3d at 925; *Napolitano v Galletta*, 85 AD3d 881, 882 [2011]; *Ortiz v Hub Truck Rental Corp.*, 82 AD3d 725, 726 [2011]; *Marsella v Sound Distrib. Corp.*, 248 AD2d 683, 684 [1998]; *Hurley v Izzo*, 248 AD2d 674, 676 [1998]; *Leal v Wolff*, 224 AD2d 392, 393 [1996]). Indeed, the presence of oil or fuel on the roadway surface has specifically been held to potentially rebut the presumption that the driver of the rear vehicle operated his or her vehicle in a negligent fashion, both in opposing a motion for summary judgment (*see DeAngelis v Martens Farms, LLC*, 104 AD3d 1125, 1126 [2013]; *Cammilleri v S & W Realty Assoc.*, 243 AD2d 530, 531 [1997]; *Pugh v Chester Cab Corp.*, 41 AD2d 615 [1973]) and at trial (*see Torrillo v Command Bus Co.*, 206 AD2d 520, 521 [1994]). Moreover, Gutierrez's contention that his truck skidded on oil was corroborated by the presentation of photographs taken at the scene (*see Shamah v Richmond County Ambulance Serv.*, 279 AD2d 564, 565 [2001]). Thus, the opposition of D&D and Gutierrez raised triable issues of fact as to whether they were free from fault in the happening of the accident.

We take this opportunity to caution that trial courts must be careful to avoid concluding, in rear-end accident cases, that just because a plaintiff is a passenger in the lead vehicle, the liability of the rear vehicle is automatically established. It is not. A plaintiff moving for summary judgment on the issue of liability must meet the twofold burden of establishing that he or she was free from comparative fault and was, instead, an innocent passenger, and, separately, that the operator of the rear vehicle was at fault. If the plaintiff fails to demonstrate, prima facie, that the operator of the offending vehicle was at fault, or if triable issues of fact are raised by the defendants in opposition, as here, summary judgment on the issue of liability must be denied, even if the moving plaintiff was an innocent passenger (*see Anjum v Bailey*, 123 AD3d 852 [2014]; *Pinilla v New York City Tr. Auth.*, 122 AD3d 703 [2014]).

We further note that Gutierrez raised the issue of the Sunjet defendants' comparative fault by asserting that the van was partially stopped in the moving lane of traffic. A plaintiff's right as an innocent passenger to summary judgment on the

issue of liability is not barred or restricted by any potential issue of comparative fault as between the owners and operators of the two vehicles involved in the accident (*see Rodriguez v Farrell*, 115 AD3d 929 [2014]; *Medina v Rodriguez*, 92 AD3d at 850; *Garcia v Tri-County Ambulette Serv.*, 282 AD2d at 207; *Johnson v Phillips*, 261 AD2d 269, 272 [1999]; *Silberman v Surrey Cadillac Limousine Serv.*, 109 AD2d 833, 833-834 [1985]). Thus, had the only triable issue of fact raised by D&D and Gutierrez been the Sunjet defendants' comparative fault, the plaintiff would have been entitled to summary judgment on the issue of liability against D&D and Gutierrez. However, since D&D and Gutierrez raised a triable issue of fact as to whether they were completely free from fault, "[t]his matter involves more than simply a trier of fact's apportionment of fault between both defendants" (*Anjum v Bailey*, 123 AD3d at 853). Accordingly, the plaintiff is not entitled to summary judgment on the issue of liability against D&D and Gutierrez.

Although the existence of an issue of fact as to whether D&D and Gutierrez were completely free from fault prevents the plaintiff from obtaining summary judgment on the issue of liability against them (*see Anjum v Bailey*, 123 AD3d at 853; *Pinilla v New York City Tr. Auth.*, 122 AD3d at 705), we recognize that the uncontested facts in this case are that the plaintiff was a passenger seated in the last row of the Sunjet defendants' van, with her seat belt fastened, when the accident occurred, and that these uncontested facts compel a conclusion that she was free from comparative fault. Indeed, while both of the drivers involved in the accident submitted affidavits in which each maintained that they were completely free from fault, neither driver suggested that the plaintiff bore any fault. In circumstances such as these, the court may appropriately exercise the discretion granted by CPLR 3212 (g), which authorizes it to make an order specifying "what facts are not in dispute or are incontrovertible," so that they may "be deemed established for all purposes in the action." In this way, the court may limit the factual issues that must be established at trial, thereby "salvag[ing] something of value" from a motion for full or partial summary judgment that must otherwise be denied (*E.B. Metal & Rubber Indus. v County of Washington*, 102 AD2d 599, 603 [1984]).

III. Conclusion

We conclude that the plaintiff is not entitled to summary judgment on the issue of liability against D&D and Gutierrez,

as they raised triable issues of fact with respect to whether Gutierrez was involved in an unavoidable accident. We further note that there are triable issues of fact with respect to the comparative fault of D&D and Gutierrez, on the one hand, and the Sunjet defendants, on the other. However, the plaintiff is entitled to the issuance of an order pursuant to CPLR 3212 (g) specifying that she was a passenger seated in the last row of the Sunjet defendants' van, with her seat belt fastened, when the accident occurred, and as such was free from comparative fault in the happening of the accident.

In light of the foregoing, the order is reversed insofar as appealed from, the plaintiff's motion for summary judgment on the issue of liability insofar as asserted against the defendants D&D Carting Co., Inc., and Eric Gutierrez is denied, and the matter is remitted to the Supreme Court, Kings County, for further proceedings including the issuance of an order pursuant to CPLR 3212 (g) specifying that the plaintiff was a passenger seated in the last row of the van owned by the defendants Sunjet Express, Inc., and Petamar Prasad, and operated by the defendant Derrick Valentine Johnson, with her seat belt fastened, when the accident occurred, and as such was free from comparative fault in the happening of the accident.

MILLER, MALTESE and DUFFY, JJ., concur.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the plaintiff's motion for summary judgment on the issue of liability insofar as asserted against the defendants D&D Carting Co., Inc., and Eric Gutierrez is denied, and the matter is remitted to the Supreme Court, Kings County, for further proceedings including the issuance of an order pursuant to CPLR 3212 (g) specifying that the plaintiff was a passenger seated in the last row of the van owned by the defendants Sunjet Express, Inc., and Petamar Prasad, and operated by the defendant Derrick Valentine Johnson, with her seat belt fastened, when the accident occurred, and as such was free from comparative fault in the happening of the accident.