■ NICOLE ORTIZ, Plaintiff, and DEBORAH ORTIZ, Respondent, v JARUSLAW WELNA et al., Appellants. [58 NYS3d 556]—

In an action, inter alia, to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Kings County (Solomon, J.), dated March 24, 2016, which granted the motion of the plaintiff Deborah Ortiz for summary judgment as to her on the issue of the defendants' liability.

Ordered that the order is reversed, on the law, with costs,

and the motion of the plaintiff Deborah Ortiz for summary judgment on the issue of the defendants' liability is denied.

On April 1, 2014, the plaintiff Deborah Ortiz (hereinafter the injured plaintiff) was a front seat passenger in a vehicle owned by her and operated by the plaintiff Nicole Ortiz. The plaintiffs allege that the vehicle was stopped on Church Avenue at its intersection with East 10th Street, in Brooklyn, waiting to make a left turn, when it was struck from behind by a vehicle owned by the defendant Greco Brothers Concrete and operated by the defendant Jaruslaw Welna. On August 20, 2014, the plaintiffs commenced this action seeking damages, inter alia, for personal injuries. Prior to discovery, the injured plaintiff moved for summary judgment as to her on the issue of the defendants' liability. The Supreme Court granted her motion, and the defendants appeal.

"To prevail on a motion for summary judgment on the issue of liability, a plaintiff must establish, prima facie, not only that the opposing party was negligent, but also that the plaintiff was free from comparative fault" (*Phillip v D&D Carting Co., Inc.*, 136 AD3d 18, 22 [2015]; *see Ricciardi v Nelson*, 142 AD3d 492 [2016]; *Bowen v Farrell*, 140 AD3d 1001 [2016]; *Roberts v Zirkind*, 140 AD3d 940 [2016]). Thus, "a plaintiff has a twofold burden that trial courts must bear in mind when determining motions for summary judgment, because more than one actor may be a proximate cause of a single accident" (*Phillip v D&D Carting Co., Inc.*, 136 AD3d at 23; *see Adobea v Junel*, 114 AD3d 818 [2014]; *Ramos v Bartis*, 112 AD3d 804 [2013]; *Allen v Echols*, 88 AD3d 926, 927 [2011]). The issue of comparative fault is generally a question for the jury to decide (*see Rodriguez v Klein*, 116 AD3d 939 [2014]; *Regans v Baratta*, 106 AD3d 893 [2013]; *Shui-Kwan Lui v Serrone*, 103 AD3d 620 [2013]). In rear-end accident cases, just because a plaintiff is a passenger in the lead vehicle, the liability of the rear vehicle is not automatically established. Such a plaintiff moving for summary judgment on the issue of liability "must meet the twofold burden of establishing that he or she was free from comparative fault and was, instead, an innocent passenger, and, separately, that the operator of the rear vehicle was at fault. If the plaintiff fails to demonstrate, prima facie, that the operator of the offending vehicle was at fault, or if triable issues of fact are raised by the defendants in opposition, . . . summary judgment on the issue of liability must be denied, even if the moving plaintiff was an innocent passenger" (*Phillip v D&D Carting Co., Inc.*, 136 AD3d at 24; *see Anjum v Bailey*, 123 AD3d 852 [2014]; *Pinilla v New York City Tr. Auth.*, 122 AD3d 703 [2014]).

Here, the injured plaintiff established her prima facie entitlement to judgment as a matter of law through the submission of her affidavit which demonstrated that she was not negligent in the happening of the accident, as she was an innocent passenger, and that the actions of the defendant driver, Welna, were the sole proximate cause of the accident (*see Graham v Courtesy Transp. Servs., Inc.*, 145 AD3d 966, 967 [2016]; *Ortiz v Hub Truck Rental Corp.*, 82 AD3d 725, 726 [2011]; *Davidoff v Mullokandov*, 74 AD3d 862, 863 [2010]). However, in opposition, the defendants raised a triable issue of fact as to whether Nicole Ortiz contributed to the happening of the accident by the submission of Welna's affidavit, which alleged that she violated Vehicle and Traffic Law § 1163 by stopping abruptly in the intersection to turn left without signaling (*see Gleason v Villegas*, 81 AD3d 889 [2011]; *Costa v Eramo*, 76 AD3d 942 [2010]; *Gaeta v Carter*, 6 AD3d 576 [2004]). Accordingly, the Supreme Court should not have granted the injured plaintiff's motion for summary judgment on the issue of the defendants' liability (*see Anjum v Bailey*, 123 AD3d at 852; *Pinilla v New York City Tr. Auth.*, 122 AD3d at 703).

The defendants' contention that the Supreme Court should have denied the injured plaintiff's motion for summary judgment because she failed to include the defendants' answer and her reply to the defendants' counterclaim with her motion papers is improperly raised for the first time on appeal (*see Petrozza v Franzen*, 109 AD3d 650 [2013]; *Provident Bank v Giannasca*, 55 AD3d 812 [2008]). The defendants' remaining contention that the injured plaintiff's motion was premature is without merit. Dillon, J.P., Hinds-Radix, LaSalle and Connolly, JJ., concur.