Meredith v Engel (2018 NY Slip Op 03973)





Meredith v Engel


2018 NY Slip Op 03973


Decided on June 6, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 6, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
REINALDO E. RIVERA
SYLVIA O. HINDS-RADIX
ANGELA G. IANNACCI, JJ.


2016-10976
 (Index No. 701227/13)

[*1]Diana Meredith, et al., appellants, 
v
Alex Engel, et al., defendants, New York City Transit Authority, et al., respondents.


Paul Ajlouny & Associates, P.C., Garden City, NY (Neil Flynn and Donald N. Rizzuto of counsel), for appellants.
Lawrence Heisler, Brooklyn, NY (Harriet Wong and Timothy O'Shaughnessy of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Queens County (Darrell L. Gavrin, J.), entered October 13, 2016. The order, insofar as appealed from, denied that branch of the plaintiffs' motion which was for summary judgment on the issue of liability against the defendants Alex Engel and Jodi Engel.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the plaintiffs' motion which was for summary judgment on the issue of liability against the defendants Alex Engel and Jodi Engel is granted.
On the morning of May 18, 2012, Diana Meredith (hereinafter the injured plaintif) was a passenger in a bus operated by the defendant Marlene Somerville and owned by the defendant New York City Transit Authority (hereinafter the NYCTA; hereinafter together the NYCTA defendants). The bus collided with a vehicle operated by the defendant Jodi Engel and owned by the defendant Alex Engel (hereinafter together the Engel defendants) at an intersection in Queens. As the vehicles approached the intersection, the bus was traveling west and the Engel vehicle was traveling north. While there were some disputes as to the facts surrounding the accident, it was undisputed that the intersection was governed by a traffic signal, and that Jodi Engel entered the intersection against the red light. The injured plaintiff, and her husband suing derivatively, subsequently commenced this action against the defendants. The plaintiffs moved for summary judgment on the issue of liability. The Supreme Court denied the motion. The plaintiffs appeal, as limited by their brief, from so much of the order as denied that branch of their motion which was for summary judgment on the issue of liability against the Engel defendants.
In support of that branch of their motion which was for summary judgment on the issue of liability against the Engel defendants, the plaintiffs established their prima facie entitlement to judgment as a matter of law by submitting evidence demonstrating that Jodi Engel was negligent in entering the intersection against a red traffic light (see Choi v Schwabenbauer, 124 AD3d 574, 575; Pinilla v New York City Tr. Auth., 122 AD3d 703, 705; Medina v Rodriguez, 92 AD3d 850, 851). The Engel defendants did not oppose the motion, and the opposition papers submitted by the [*2]NYCTA defendants did not raise any triable issues of fact with regard to the liability of the Engel defendants. Accordingly, the Supreme Court should have granted that branch of the plaintiffs' motion which was for summary judgment on the issue of liability against the Engel defendants.
We decline the request of the NYCTA defendants, made in their brief, to search the record and award them summary judgment dismissing the complaint and all cross claims insofar as asserted against them.
MASTRO, J.P., RIVERA, HINDS-RADIX and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court