Romain v City of New York (2019 NY Slip Op 07885)





Romain v City of New York


2019 NY Slip Op 07885


Decided on November 6, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 6, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
LEONARD B. AUSTIN
JEFFREY A. COHEN
ANGELA G. IANNACCI, JJ.


2018-00905
 (Index No. 504853/17)

[*1]Venante Romain, et al., appellants, 
v
City of New York, et al., respondents.


Gruenberg Kelly Della, Ronkonkoma, NY (Zachary M. Beriloff of counsel), for appellants.
James E. Johnson, Corporation Counsel, New York, NY (Fay Ng and Dona B. Morris of counsel), for respondents City of New York, New York City Department of Transportation, and Hans Joseph.
Baker, McEvoy, Morrissey & Moskovits, P.C., Brooklyn, NY (Stacy R. Seldin of counsel), for respondents Steven D. Freed and HVS Management, Inc.



DECISION & ORDER
In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Kings County (Reginald A. Boddie, J.), dated December 8, 2017. The order, insofar as appealed from, denied the plaintiffs' motion, in effect, for summary judgment against the defendants on the issue of whether the plaintiff Venante Romain was at fault in the happening of the accident.
ORDERED that the order is reversed insofar as appealed from, on the law, with one bill of costs payable by the defendants appearing separately and filing separate briefs, and the plaintiffs' motion, in effect, for summary judgment against the defendants on the issue of whether the plaintiff Venante Romain was at fault in the happening of the accident is granted.
The plaintiff Venante Romain (hereinafter the injured plaintiff) allegedly was injured in an automobile accident that occurred on December 30, 2015, in Brooklyn. At the time of the accident, the injured plaintiff was a backseat passenger in a vehicle operated by the defendant Steven D. Freed and owned by the defendant HVS Management, Inc. (hereinafter the Freed vehicle). The Freed vehicle was struck in the rear by a dump truck, which was operated by the defendant Hans Joseph and owned by the defendant New York City Department of Transportation.
The injured plaintiff, and her husband suing derivatively, commenced this action. Subsequently, the plaintiffs moved, in effect, for summary judgment against the defendants on the issue of whether the injured plaintiff was at fault in the happening of the accident. The Supreme Court denied the motion, and the plaintiffs appeal.
The Supreme Court should not have denied the plaintiffs' motion, in effect, for summary judgment against the defendants on the issue of whether the injured plaintiff was at fault in the happening of the accident. The right of an innocent passenger to summary judgment on the [*2]issue of whether he or she was at fault in the happening of an accident is not restricted by potential issues of comparative negligence as between two defendant drivers (see CPLR 3212[g]; Jung v Glover, 169 AD3d 782, 783; Phillip v D & D Carting Co., Inc., 136 AD3d 18, 24-25; Anzel v Pistorino, 105 AD3d 784, 786; Medina v Rodriguez, 92 AD3d 850, 850; Garcia v Tri-County Ambulette Serv., 282 AD2d 206, 207; Silberman v Surrey Cadillac Limousine Serv., 109 AD2d 833, 833-834). Here, the plaintiffs made a prima facie showing of entitlement to summary judgment on their motion, and in opposition, the defendants failed to raise a triable issue of fact (see generally Alvarez v Prospect Hosp., 68 NY2d 320, 324). It is uncontested that the injured plaintiff was a passenger seated in the rear passenger seat of the Freed vehicle. While both drivers involved in the accident submitted affidavits in which each maintained that they were free from fault, neither driver suggested that the injured plaintiff bore any fault in the happening of the accident (see Phillip v D & D Carting Co., Inc., 136 AD3d at 25).
Contrary to the defendants' contentions, the plaintiffs' motion was not premature. The defendants failed to establish that additional discovery might lead to relevant evidence, or that facts essential to oppose the motion were in the exclusive knowledge and control of the plaintiffs (see CPLR 3212[f]; Kerolle v Nicholson, 172 AD3d 1187).
Moreover, to the extent that the defendants assert a seatbelt defense, an alleged failure by the injured plaintiff to wear a seatbelt is not relevant to the issue of liability but, rather, may "be introduced into evidence in mitigation of damages" (Vehicle and Traffic Law § 1229-c[8]; see Spier v Barker, 35 NY2d 444, 449-450; Brabham v City of New York, 105 AD3d 881, 883).
RIVERA, J.P., AUSTIN, COHEN and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court