Norwood v Perez (2022 NY Slip Op 04305)

Norwood v Perez

2022 NY Slip Op 04305

Decided on July 6, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 6, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
LINDA CHRISTOPHER
LARA J. GENOVESI
DEBORAH A. DOWLING, JJ.

2019-08675
 (Index No. 63147/16)

[*1]Kaila Norwood, plaintiff, Khalif Mason, appellant,
v
Luz Perez, defendant, Naryis Ramirez, et al., respondents.

Yadgarov & Associates, PLLC, New York, NY (Ronald S. Ramo of counsel), for appellant.
Vouté, Lohrfink, McAndrew, Meisner & Roberts, LLP, White Plains, NY (Jeffrey S. Peske of counsel), for respondents.
Martin Fallon & Mullé, Huntington, NY (Adam Prestifilippo and Michael Jones of counsel), for defendant.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff Khalif Mason appeals from an order of the Supreme Court, Westchester County (Gerald E. Loehr, J.), dated June 12, 2019. The order granted the motion of the defendants Naryis Ramirez and Ramon Cabrera for summary judgment dismissing the complaint insofar as asserted against them by the plaintiff Khalif Mason on the ground that he did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the subject accident.
ORDERED that the order is affirmed, with costs.
The plaintiffs commenced this action to recover damages for personal injuries that they each allegedly sustained in a motor vehicle accident. The defendants Naryis Ramirez and Ramon Cabrera (hereinafter together the moving defendants) moved for summary judgment dismissing the complaint insofar as asserted against them by the plaintiff Khalif Mason on the ground that he did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the accident. In an order dated June 12, 2019, the Supreme Court granted the moving defendants' motion. Mason appeals.
The moving defendants met their prima facie burden of showing that Mason did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the accident (see Toure v Avis Rent A Car Sys., 98 NY2d 345; Gaddy v Eyler, 79 NY2d 955, 956-957). The moving defendants submitted competent medical evidence establishing, prima facie, that the alleged injury to Mason's left knee did not constitute a serious injury under either the permanent consequential limitation of use or significant limitation of use categories of Insurance Law § 5102(d) (see Staff v Yshua, 59 AD3d 614). In opposition, Mason failed to raise a triable issue of fact.
Mason's contention that the Supreme Court should have denied the moving defendants' motion because they failed to include the answer of the codefendant, Luz Perez, with [*2]their motion papers is improperly raised for the first time on appeal (see Ortiz v Welna, 152 AD3d 709, 711; Petrozza v Franzen, 109 AD3d 650, 652).
Accordingly, the Supreme Court properly granted the moving defendants' motion for summary judgment dismissing the complaint insofar as asserted agaisnt them by Mason.
CONNOLLY, J.P., CHRISTOPHER, GENOVESI and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court