Metivier v Dream Ride Inc (2025 NY Slip Op 52009(U))

[*1]

Metivier v Dream Ride Inc

2025 NY Slip Op 52009(U)

Decided on December 15, 2025

Supreme Court, Kings County

Maslow, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on December 15, 2025
Supreme Court, Kings County

Pierre Odilus Metivier, CASSANDRA DOMERCANT and JONAS ROMELUS, Plaintiffs,

against
Dream Ride Inc, ALFRONZSO GASPARD and CHRISTYN JARVIS, Defendants.

Index No. 528278/2022

Gekman Law Firm P.C., Brooklyn (Zoya Gekman of counsel), for Plaintiffs.
Baker, McEvoy & Moskovits, P.C., Freeport (Moshe Gelberman of counsel), for Defendants Dream Ride Inc and Alfronzso Gaspard.
Pillinger Miller Tarallo, Garden City (Lauren Gallo of counsel), for Defendant Christyn Jarvis.

Aaron D. Maslow, J.

The following numbered papers were used on this motion: NYSCEF Document Numbers 1, 6, 9, 28-34, 43, 45, 48-53.
Upon the foregoing papers and having heard oral arguments on the record, the within motion is determined as follows.
Background
In an action to recover damages for personal injuries, Plaintiffs Pierre Odilus Metivier, Cassandra Domercant, and Jonas Romelus move for an order pursuant to CPLR 3212 granting summary judgment on the issue of liability against Defendants Dream Ride Inc, Alfronzso Gaspard, and Christyn Jarvis, together with such other relief as this Court deems just, proper, and equitable. Plaintiffs also seek an extension of time to file a note of issue.
This action arises from a motor vehicle collision that occurred on February 17, 2021, at the intersection of Atlantic Avenue and Sheffield Avenue in Kings County, New York. Plaintiffs were passengers in a vehicle owned by Defendant Dream Ride Inc (hereinafter Dream Ride) and operated by Defendant Alfronzso Gaspard when it came into contact with a vehicle operated by Defendant Christyn Jarvis. Plaintiffs allege they sustained serious injuries within the meaning of Insurance Law § 5102 as a result of the collision.
Plaintiffs argue that, as innocent passengers, they cannot be found comparatively negligent and are therefore entitled to summary judgment on liability. In support, they rely on cases where courts found that the plaintiff-passengers' right to summary judgment was not restricted to potential issues of comparative negligence between the drivers: Garcia v Tri-State Ambulette (282 AD2d 206 [1st Dept 2001]); Johnson v Phillips (261 AD2d 269 [1st Dept 1999]); and Kiernan v Edwards, 97 AD2d 750 [2d Dept 1983]). Plaintiffs further argue that their motion for summary judgment is not premature as discovery would not uncover any relevant evidence or facts that would defeat Plaintiffs' right to summary judgment, citing, among other decisions, Rainford v Sung S Han (18 AD3d 638 [2d Dept 2005]).
Defendants oppose, conceding that although Plaintiffs are not at fault, Plaintiffs have not established Defendants' liability as a matter of law and that triable issues of fact remain as to the manner in which the accident occurred. Defendants argue that a movant for summary judgment must establish prima facie that the sole proximate cause of the accident was the defendant-driver's negligence, citing Sciafla v Roman Catholic Church of Our Lady of Hope (116 AD3d 690 [2d Dept 2014]); Abatzidis v Fenton (116 AD3d 802 [2d Dept 2014]); and Melchiorre v Dreisch, 95 AD3d 845 [2d Dept 2012]). Defendants further argue that, as there remains a factual dispute as to whether Gaspard's vehicle struck Jarvis's or whether Jarvis sideswiped Gaspard, the issue of comparative negligence is for the trier of fact and, therefore, summary judgment should be precluded citing Spadaro v Parking Systems Plus, Inc. (113 AD3d 833 [2d Dept 2014]) and Shui-Kwan Lui v Serrone, 103 AD3d 620 [2d Dept 2013]). Defendants also note that Gaspard cannot be located despite multiple investigative efforts, and his account has not been preserved. Finally, Defendants argue that even if liability were resolved, they remain entitled to a full trial on damages, including the right to cross-examine Plaintiffs' medical experts and submit their own testimony, relying on Dejesus v H.E. Broadway, Inc. (175 AD3d 1485 [2d Dept 2019]).
Legal Standard
Summary judgment is a drastic remedy that should be granted only if no triable issues of fact exist and the movant is entitled to judgment as a matter of law (see Alvarez v Propsect Hosp., 68 NY2d 320, 324 [1986]; Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853 [1985]; Andre v Pomeroy, 35 NY2d 361, 364 [1974]). The party moving for summary judgment must present a prima facie case of entitlement to judgment as a matter of law, tendering sufficient evidence in admissible form demonstrating the absence of material issues of fact, and the failure to make such a showing requires denial of the motion, regardless of the sufficiency of the opposing papers (see CPLR 3212 [b]; Smalls v AJI Industries, Inc., 10 NY3d 733 [2008]; Alvarez, 68 NY2d at 324). Once a prima facie showing has been made, however, the burden shifts to the nonmoving party to produce evidentiary proof in admissible form sufficient to establish the existence of material issues of fact that require a trial for resolution or tender an acceptable excuse for the failure to do so; mere expressions of hope are insufficient to raise a genuine issue of fact (see Zuckerman v City of New York, 49 NY2d 557 [1980]). If there is any doubt as to the existence of a triable fact, the motion for summary judgment must be denied (see Rotuba Extruders, Inc. v Ceppos, 46 NY2d 223, 231 [1978]).
Discussion
Plaintiffs' Claim as Innocent Passengers
It is well established that the right of an innocent passenger to summary judgment is not barred by issues of comparative negligence between drivers (see Rodriguez v City of New York, 31 NY3d 312 [2018]; Balladares v City of New York, 177 AD3d 942 [2d Dept 2019]; Jung v Glover, 169 AD3d 782 [2d Dept 2019]). However, even where a plaintiff is free from fault, an order of summary judgment requires a prima facie showing that one or more defendants were negligent and that such negligence was a proximate cause of the accident (Phillip v D & D Carting Co., Inc., 136 AD3d 18, 22—23 [2d Dept 2015]; Lee v Quallo, 222 AD3d 858, 859 [2d Dept 2023]). As stated in Phillip, "[I]f triable issues of fact are raised by the defendants in opposition, as here, summary judgment on the issue of liability must be denied, even if the moving plaintiff was an innocent passenger" (136 AD3d at 24). Further, as stated in Lee,
Here, the plaintiff's submissions failed to establish negligence as a matter of law by either of the defendants. In support of her motion, the plaintiff submitted the transcripts of the deposition testimony of the defendants, which contained conflicting testimony as to whether McCain or Quallo had the right-of-way to proceed through the intersection (see Detoma v Dobson, 214 AD3d at 949). Contrary to the plaintiff's contention, the issue is more than the apportionment of fault between the defendants, since the trier of fact could find that one of them was not negligent in the happening of the accident (see id.; Phillip v D&D Carting Co., Inc., 136 AD3d 18, 25 [2015]). (222 AD3d at 859.)
In the instant case, the record contains conflicting accounts of how the accident occurred. Plaintiffs' deposition testimonies were inconsistent as to whether the collision was from the rear end or from the side, the speed of the two vehicles in the moments before the collision, and the surrounding conditions. The police accident report also conflicts as to which vehicle struck the other. These conflicts, as a matter of law, preclude finding that either driver was negligent and, therefore, whether either or both drivers were the proximate cause of the accident. Granting summary judgment in this circumstance would require the Court to determine fault between the two drivers, which is a question of fact for a jury (see Lee, 222 AD3d at 859).
Comparative Fault Affirmative Defenses
Although Defendants raised comparative negligence as an affirmative defense, they did not dispute that Plaintiffs, as passengers, were free from fault. However, Plaintiffs failed to request relief to dismiss comparative negligence and culpable conduct as an affirmative defense. Nonetheless the Court grants such relief since Defendants in essence conceded the lack of culpable conduct on the part of Plaintiffs, who were mere passengers (see CPLR 3212 [b]; Husbands v City of New York, 230 AD3d 475 [2d Dept 2024]; cf. MacKay v Paliotta, 196 AD3d 552 [2d Dept 2021]). The second affirmative defense in Defendant Dream Ride and Gaspard's answer raises issues of culpable conduct by Plaintiffs, as did the first unnumbered affirmative defense in Defendant Jarvis's answer.
Extend Note of Issue Deadline
Defendants did not submit any argument in opposition to that branch of Plaintiffs' motion seeking an extension of the deadline to file a note of issue (see Ryskin v Corniel, 181 AD3d 742, [*2]743-744 [2d Dept 2020]).
Conclusion
Accordingly, it is hereby ORDERED as follows: Plaintiffs' motion for summary judgment on the issue of liability against Defendants Dream Ride Inc, Alfronzso Gaspard, and Christyn Jarvis is DENIED. Further, it is hereby ORDERED that Plaintiffs' request for an extension of time to file the note of issue is GRANTED, and the deadline is extended to March 31, 2026. In addition, although not requested, the second affirmative defense in Defendant Dream Ride and Gaspard's answer and the first unnumbered affirmative defense in Defendant Jarvis's answer are stricken.