Nicholas M. Pette, J.
Plaintiff moves for summary judgment as to all three causes of action contained in his complaint herein.
In plaintiff’s first cause of action, addressed against the several defendants doing business as stockbrokers under the partnership firm name of Cowen & Co. and the codefendants Helen Trager (plaintiff’s wife) and llene T. Nadel (plaintiff’s daughter), he alleges that he was the registered owner of certain stock listed in paragraph 5 of the complaint; that he delivered the certificates of said stock to defendants brokers, Cowen & Co., *830 for safekeeping; that said defendants brokers, without his knowledge or consent, transferred said stock to the defendant wife Helen Trager and defendant daughter llene T. Nadel; that defendant wife forged plaintiff’s name to purported authorizations to so transfer the stock; that the stock is worth approximately $15,000; and that his demands for the return of the certificates and payment of dividends thereon have been refused.
On said first cause of action plaintiff, in his prayer for judgment, demands that a trust be construed by this court declaring that defendants and each of them hold said stock certificates and the shares represented thereby in trust for the sole use and benefit of the plaintiff; that defendants and each of them be directed to pay to plaintiff any and all sums and dividends on said stock certificates and the shares represented thereby since the wrongful transfer; that defendants and each of them be enjoined during the pendency of this action and permanently from selling, transferring and negotiating said stock in any manner other than to turn such certificates of stock and the shares represented thereby over to plaintiff.
In plaintiff’s second cause of action, addressed against defendant wife and the Metropolitan Life Insurance Company, plaintiff alleges that in 1929 defendant insurer issued to him a $5,000 life insurance policy on his life containing a provision therein reserving his irrevocable right to change the beneficiary; that he is still the owner of said policy; that up until the latter part of 1962 he had possession of said policy; that thereafter, upon defendant wife’s representation that she would hold the policy for him in a safe place and deliver it to him on demand, plaintiff delivered “ temporary custody ’ ’ thereof to said defendant; that plaintiff’s demand for the return of the policy has been refused; and that defendant wife 11 wrongfully asserts a claim to or in such policy * * * upon an alleged oral assignment to her by the plaintiff and has given notice of said purported assignment to all of the other defendants herein. ’ ’
On said second cause of action, plaintiff seeks judgment (a) declaring that defendant Helen Trager has no right, title, lien, claim or assignment in, to and on said policy; (b) that the aforesaid declaration shall be binding upon all parties to this action; (c) that defendant Helen Trager be directed to immediately deliver to plaintiff said policy of insurance; (d) that in the event said policy cannot be immediately delivered to plaintiff, the defendant Metropolitan Life Insurance Company be directed to issue and deliver to plaintiff a duplicate policy of insurance, in which event the court further adjudge that the policy of insurance originally issued to plaintiff and wrongfully possessed by *831 defendant Helen Trager be declared cancelled, discharged, void and of no effect and that plaintiff have such further relief as may be just and equitable against all defendants herein, with costs and disbursements against defendant Helen Trager.
In plaintiff’s third cause of action, addressed against defendant wife alone, plaintiff alleges that she refuses to turn over to him certain personalty having a ‘1 sentimental ’ ’ value of $2,000, after he demanded the same. Plaintiff demands the return of these items ‘ ‘ including clothing, leather wallet, diamond ring, books, religious books, dictionary, Waltham watch and college ring ”.
In opposition to plaintiff’s motion, defendant Helen Trager states:
As to the first cause of action, she admits that she signed plaintiff’s name to the instruments to effect the transfer of the stocks involved herein and avers that the stocks were transferred with the consent of the plaintiff, who authorized her, during his long period of illness, to transfer and sell the stock and use the moneys from the sale or dividends therefrom to meet the hospital expenses; that she still owes $700 of $4,000 in hospital and medical bills for July and August, 1962; that she paid the charges at another hospital for the period August through December, 1962 at $31 per day; that she has paid the Park Nursing Home charges at $75 per week until plaintiff was removed on June 21, 1963; that during this entire period plaintiff had ‘1 little or no income ” save $141.50 per month in social security and disability benefits. The defendant llene T. Nadel submits her affidavit confirming her mother’s (defendant wife) statement that plaintiff had authorized the transfer of the stock.
It is significant, however, that during said period of plaintiff’s illness, defendant wife, a school teacher, and plaintiff were covered by the H. I. P. plan of hospitalization and medical insurance which she had cancelled, insomuch as plaintiff was concerned, on March 4,1964. Defendant wife fails to state the benefits that were received from such insurance and whether the same were applied to the payment of the medical expenses and hospitalization alleged to have been incurred during the plaintiff’s illness. Admittedly, the stock earned dividends during plaintiff’s illness and social security and disability benefits were available, but she fails to show whether they were contributed towards payment of plaintiff’s medical expenses she alleges she paid.
It is also significant that while she alleges that plaintiff authorized her to sign his name to the instruments in order to effect transfer of the stock and authorized her to transfer or sell *832 the stock or to use the dividends therefrom in order to meet the expenses of his illness, she fails to account for the fact that she had some of the stock transferred to the defendant daughter, who is not shown to have incurred any of the alleged expenses of plaintiff’s illness, so as to warrant such transfer of stock under the purported authorization allegedly given to enable payment of said medical expenses incurred during plaintiff’s illness.
Although defendant wife’s assertion'that plaintiff authorized her to transfer said stock, as aforesaid, is based entirely upon her statement and the statement of the codefendant daughter, that plaintiff gave her such authority, in the absence of any written instrument bearing plaintiff’s genuine signature and in view of plaintiff’s emphatic assertion that Ms wife forged Ms name and that he never gave her said purported authority, coupled with said wife’s admission that her and not plaintiff’s signature appears on the instrument used to effect transfer of the stock, a serious issue of fact is presented.
Plaintiff’s moving papers, in this court’s opinion, demonstrate that, absent the issue raised by his wife with respect to said authorization, her defense to plaintiff’s first cause of action herein would be specious and without merit.
The defendants brokers state that they do not know whether the signatures on the stock powers are genuine and have cross-claimed against the codefendants wife and daughter.
In view of defendant wife’s admission that the signatures are hers and that she had authority to effect transfer of the stock, the question is presented as to whether defendant brokers are chargeable with liability to plaintiff for failure to take the necessary precautions to ascertain the authenticity of said signatures or the authority of said wife to effect said transfer of stock and also whether they were guarantors of the genuineness of said signatures so as to charge them with liability in effecting said transfers.
Since the sole issue involved in plaintiff’s first cause of action herein is basically whether the plaintiff gave defendant wife authority to sign his name to the instruments used to effect the transfer of the stock involved and whether such authority was given to enable defendant wife to meet the medical expenses of plaintiff’s illness, the court, pursuant to the provisions of CPLR 3212 (subd. [g]) and 3211 (subd. [c]), as an aid in the disposition of said cause of action and in the exercise of discretion, respectfully refers the following issues thus raised to Honorable Samuel S. Tripp, Special Referee, to hear and report, and pending the coming in and confirmation of such report, this court’s determination of plaintiff’s motion for summary judgment on *833 said first cause of action is held in abeyance. The issues thus referred are as follows:
1. Are the signatures to the purported authorization used to effect the transfer of the stock involved herein forged, or were they authorized by the plaintiff?
2. Did plaintiff authorize defendant wife to affix his signature to the instruments used to effect transfer of said stock in order to enable her to meet payment of the medical expenses incurred by her by reason of plaintiff’s illness?
3. Was plaintiff covered by H. I. P. insurance and were the benefits thereof used towards payment of the medical expenses incurred by reason of plaintiff’s illness and, if so, to what extent and in what total amount?
4. Were dividends earned from said stock and social security and disability benefits allowed to plaintiff, contributed towards payment by defendant wife of said medical expenses of plaintiff’s illness and, if so, to what extent and in what total amount?
5. What authority did defendant wife receive from plaintiff to authorize her to transfer any of said stock to defendant daughter?
As to the second cause of action, defendant Helen Trager, to justify withholding delivery of the insurance policy to plaintiff, claims that he assigned the policy to her and further states: “ I have withheld same on the firm belief, as a result of many conversations with my husband, louis trager, that he desired to keep said policy intact for the benefit of his daughter, the defendant, ilene t. hadel. There is the danger that said policy would be dissipated for the benefit of one, Gertrude cooper, without the knowledge and understanding of my husband, louis trager.”
In the light of plaintiff’s verified complaint and his sworn affidavit herein, in which he has stated that he has demanded and been refused possession of said insurance policy, the foregoing statement by defendant Helen Trager can hardly be deemed justification for her refusal to deliver said policy to plaintiff and certainly is no defense to his second cause of action herein.
Furthermore, the fact that plaintiff has applied to defendant Metropolitan Life Insurance Company for a loan on said policy and requested a change in beneficiary to his sister, G-ertrude Cooper, in the place and stead of his wife Helen Trager and daughter llene T. Nadel, who are presently named as beneficiaries, is manifestly strong indication disputing defendant wife’s claim of an assignment of said policy to her by plaintiff.
Defendant wife contends that such assignment was oral and, other than such contention, has offered no facts upon which *834 the validity thereof may be established. However, since the Metropolitan Life Insurance Company is a codefendant involved, so to speak, in the position of a stakeholder and may be subjected to liability from one or both plaintiff and defendant wife, on the question of whether there was a valid assignment of said policy, the court, for the same reasons stated in connection with plaintiff’s first cause of action, respectfully refers the issues thus involved to Honorable Samuel S. Tripp, Special Beferee, to hear and report. Pending the coming in and confirmation of said Beferee’s report, the court will hold determination of said second cause of action in abeyance.
With respect to plaintiff’s third cause of action against defendant wife, she simply avers that the plaintiff has never demanded delivery of the personal property admittedly belonging to plaintiff and now in her possession. Defendant wife has raised no issue requiring a plenary trial of plaintiff’s third cause of action. Accordingly, plaintiff is entitled to summary judgment on said third cause of action, as prayed for in the complaint, and said cause of action is severed from the remaining causes of action. (CPLB 3212, subd. [e].)
Settle order on notice with respect to plaintiff’s first and second causes of action, in accordance with the foregoing. A copy of said settled order shall be served upon the clerk of the Special Beferee.
Settle judgment on notice with respect to plaintiff’s third cause of action.