Jack Stanislaw, J.
In this action to recover damages for personal injuries plaintiffs, two infants and their father, move for summary judgment. Plaintiffs’ injuries arose out of an automobile accident allegedly due to defendant’s negligence. The defendant, Mallory, has admitted that he was operating his automobile at the time of the accident while intoxicated. He entered a plea of guilty to such criminal charge and was thereafter convicted.
Mallory was traveling east on Sunrise Highway, but when he reached the Udall Road intersection he attempted to turn to his left, to proceed north on Udall Road. Although the intersection is controlled by traffic lights and has an additional light for left-hand turns only, Mallory does not recall stopping before entering the intersection or even what the traffic signals indicated when he did make his turn. He says he never saw plaintiffs’ car. Plaintiffs, going west on Sunrise Highway, proceeded into that same intersection with a green light for them and the front of defendant’s car hit the left side of their automobile. The left-turn light for defendant was against him at that time and, although it was dark, about 9:00 p.m., defendant’s lights were not on.
Plaintiffs have alleged defendant’s negligence not only in the usual context but as gross, willful and wanton. They have asked for punitive as well as compensatory damages. Defendant *750 resists the motion most emphatically as to this phase of the pleadings. First, it is argued that the successful criminal prosecution of the defendant was .sufficiently punitive and excludes further penalty for the same act. Then, it is said that there is no authority in this State for the imposition of such damages for gross negligence. Assuming there is, the degree of negligence is claimed an issue of fact for consideration by a jury and not an automatic characterization to be made upon a showing that a driver drove while intoxicated, period. In support of this last contention defendant notes that a lot of people drive in varying stages of intoxication so that a jury might not be inclined to view the facts here as gross negligence per se.
Successful prosecution of a criminal proceeding will not foreclose a plaintiff’s right to recover or attempt to recover punitive damages in a civil action based upon that same act (14 N. Y. Jur., Damages, § 182). “ The allegations of willfulness and wantonness are sufficient to authorize the jury to award punitive damages. * * * The parties * * * ask us to decide as an abstract matter whether driving while intoxicated is a sufficient basis for an award of punitive damages. * * * Each case must be decided on its own particular facts ” (Knibbs v. Wagner, 14 A D 2d 987). This statement is especially appropriate to the question before us here. Whether or not the proof is sufficient to sustain an award for exemplary damages is a question for the trier of the facts (Fittipaldi v. Legassie, 18 A D 2d 331).
Plaintiffs have presented enough at least to warrant summary judgment on the basis of defendant’s “ ordinary ” negligence and their own lack of contributory negligence. Mallory hardly disputes this much of the motion. There is then a proper basis for the granting of judgment on so much of the action as seeks compensatory damages. It follows that the dependent right to punitive damages is at least open to further exposition regarding, and ultimate determination of, defendant’s negligence as gross negligence or not as a question of fact (James v. Powell, 25 A D 2d 1).
This then is a peculiar situation. Although summary judgment might be warranted as to compensatory damages the prayer for punitive damages has left open an isolated factual issue which interferes with otherwise available summary disposition. It is our opinion that this is not an appropriate time to apply the first sentence of CPLK, 3212 (subd. [c]) which removes issues of amount or extent of damages as bars to summary judgment. Punitive damages here are not ready to *751 be merely measured, but rather are subject in toto to the prior determination regarding the degree and extent of defendant’s negligence as permitting imposition thereof in the first instance.
We can limit some issues of fact for trial (CPLR 3212, subd. [g]). Plaintiffs’ conduct is not disputed as having been free of negligence contributing to the accident. We also know that defendant does not remember stopping before making his turn, the color of the traffic light before and as he made his turn, or seeing plaintiffs’ car before the accident.
The plaintiffs’ motion for summary judgment and the defendant’s like cross motion are both denied. Settle order, to include specification of the facts hereinabove noted as deemed established.