■ ASHLEE CASTRO, an Infant, by Her Mother and Natural Guardian, MARITZA GONZALEZ, et al., Appellants, v NEW YORK HOSPITAL MEDICAL CENTER OF QUEENS et al., Respondents. [859 NYS2d 638]—

Order, Supreme Court, Bronx County (Maryann Brigantti-Hughes, J.), entered on or about November 26, 2007, which granted defendants' motion pursuant to CPLR 510 and 511 to change venue from Bronx County to Queens County, unani-mously affirmed, without costs.

Defendants met their initial burden of establishing that the

venue chosen by plaintiffs in this medical malpractice action was improper (*see Hernandez v Seminatore*, 48 AD3d 260 [2008]). Defendants were located in Queens County, the alleged malpractice occurred in Queens County, and the medical records reflect that just weeks prior to the commencement of this action, plaintiffs lived at a Queens County address. This address did not match plaintiffs' purported Bronx address listed on the summons, which was misspelled and did not include a zip code. In opposition, plaintiffs failed to provide supporting documentation establishing their residency in Bronx County (*see id.*; *Goldberg v Bierman*, 35 AD3d 807 [2006]). Furthermore, contrary to plaintiff's contention, the court was not required to conduct a hearing prior to deciding the subject motion (*compare Rivera v Jensen*, 307 AD2d 229, 230 [2003]). Concur—Tom, J.P., Friedman, Nardelli, Buckley and Renwick, JJ.