Order, Supreme Court, New York County (George J. Silver, J.), entered April 11, 2012, which, in this action for personal injuries allegedly sustained in a motor vehicle accident, denied plaintiffs motion for partial summary judgment on the issue of liability as against all defendants, unanimously reversed, on the law, without costs, the motion granted to the extent of finding no culpable conduct by plaintiff on the issue of liability, and the matter remanded for further proceedings.
Plaintiff established that, as a back-seat passenger in a taxi cab that rear-ended a second vehicle, she was free of negligence as a matter of law. Plaintiff testified that just before the ac *635 cident occurred, her friend, who was with her in the back seat, was in the process of instructing the driver to slow down. The driver testified he did not hear plaintiffs friend, and there is no basis for finding that plaintiff or her friend did anything to cause the accident or could have prevented it (cf. Bruni v City of New York, 2 NY3d 319, 328 [2004]). Since plaintiff was an innocent rear-seat passenger who cannot be found at fault under any version of how the accident occurred, the motion should have been granted to the extent indicated (see Garcia v Tri-County Ambulette Serv., 282 AD2d 206 [1st Dept 2001]; see also Medina v Rodriguez, 92 AD3d 850 [2d Dept 2012]).
Concur— Tom, J.E, Acosta, Saxe, Freedman and Feinman, JJ.