[35 NYS3d 84]

VICTOR OLUWATAYO, Appellant, v MARIAH R. DULINAYAN et al., Respondents.

First Department, July 7, 2016

## APPEARANCES OF COUNSEL

*Law Offices of Alexander Bespechny*, Bronx (*Alena Bespechny* and *Louis A. Badolato* of counsel), for appellant.

*Kelly, Rode & Kelly, LLP*, Mineola (*John W. Hoefling* of counsel), for Mariah R. Dulinayan and another, respondents.

*Law Offices of John Trop*, Yonkers (*David Holmes* of counsel), for Gricelda M. Gutierrez, respondent.

### OPINION OF THE COURT

RENWICK, J.

Plaintiff Victor Oluwatayo commenced this action seeking damages for injuries he sustained during a multiple motor vehicle accident, involving his car and two other cars driven by the respective defendants Mariah Dulinayan and Gricelda Gutierrez. The primary issue in this appeal is whether plaintiff, as an innocent driver,* who was rear-ended by one or more cars, is by virtue of such status, per se, entitled to summary judgment on liability against any or all defendant drivers. Under the circumstances here, we find that plaintiff, an innocent driver, is not entitled to summary judgment on liability against any defendant driver because, as the party moving for summary judgment, plaintiff failed to meet his burden to eliminate triable issues of fact as to how the accident happened and which defendant driver was responsible for the rear end collision. Such an innocent plaintiff driver, however, is entitled to summary judgment on his lack of culpable conduct on the issue of liability pursuant to CPLR 3212 (g).

██ Before addressing the denial of plaintiff's cross motion for summary judgment on liability against defendants, we examine the more straightforward issue of whether Supreme Court properly granted defendants' motion to change venue to Richmond County. We find that defendants made a prima facie showing that plaintiff improperly placed venue in Bronx County, based on his own residence, by submitting plaintiff's deposition testimony that he had moved to his aunt's home in Brooklyn shortly after the accident, which was more than a year before he commenced the action. In opposition to the motions, plaintiff provided no documentary evidence whatsoever to support his testimony that the move to Brooklyn was only temporary and that the Bronx address continued to be his permanent residence (*see Castro v New York Hosp. Med. Ctr. of Queens*, 52 AD3d 251 [1st Dept 2008]; *Martinez v Semicevic,*

---

* As will be discussed, infra, an innocent plaintiff driver/passenger exists in a case where such plaintiff did not contribute to the happening of the accident in any way.

178 AD2d 228 [1st Dept 1991]; *cf. Farrington v Fordham Assoc., LLC*, 129 AD3d 591, 592 [1st Dept 2015] [plaintiff demonstrated through an affidavit and documentary evidence that his prolonged stay at a shelter was temporary "and that he never 'intended to abandon or surrender' his residence with his mother in Bronx County, which he viewed as his permanent home"]). Further, plaintiff's testimony that he lived with his girlfriend in the Bronx was undermined by his inability to recall her last name, and plaintiff did not submit any affidavit to explain his testimony.

Plaintiff's argument that defendants' motions to change venue were untimely is unpreserved for appellate review, since he failed to raise it before the motion court, when defendants would have been able to explain the reasons for any delay (*see Lopez v Gramuglia*, 133 AD3d 424, 424 [1st Dept 2015]; *Chateau D' If Corp. v City of New York*, 219 AD2d 205, 209 [1st Dept 1996], *lv denied* 88 NY2d 811 [1996]). Were we to review the issue, we would find that the court properly considered the motion to change venue, despite defendants' noncompliance with CPLR 511 (a), because plaintiff had made misleading statements in the summons and complaint, and defendants moved reasonably promptly after plaintiff's deposition was completed and a copy of the transcript had been provided to plaintiff (*Philogene v Fuller Auto Leasing*, 167 AD2d 178, 179 [1st Dept 1990]; *cf. Farrington v Fordham Assoc., LLC*, 129 AD3d at 592 [defendants' motion for change of venue three months after plaintiff signed deposition transcript denied as not made within reasonable time]).

Whether Supreme Court properly denied plaintiff's cross motion for summary judgment on liability requires a more comprehensive analysis. Intuitively, plaintiff's argument, that he should be granted summary judgment on liability as an innocent driver who was rear-ended, has some appeal. However, a careful examination of the facts before us reveals that plaintiff's position is untenable as a matter of law.

To the extent plaintiff argues that he met his burden of establishing a prima facie case of entitlement to partial summary judgment on liability, by establishing that both defendant drivers were negligent, his position is not supported by the record. In support of his motion, plaintiff submitted the deposition transcript of each defendant driver, Gutierrez and Dulinayan, in which they respectively provided conflicting versions of how the accident happened. If Gutierrez's testimony is

credited, she was at a full stop when Dulinayan hit the back of her car, pushing her forward into the rear of plaintiff's car. Under this version, Gutierrez provides a non-negligent explanation for rear-ending plaintiff's car. If Dulinayan's testimony is credited, Gutierrez hit the rear of plaintiff's car before Dulinayan hit the rear of Gutierrez's car. Under Dulinayan's version, his conduct did not cause any collision between Gutierrez's car and plaintiff's car. Thus, by submitting the deposition transcripts setting forth conflicting accounts of how the accident happened, plaintiff failed to meet his burden, as the party moving for summary judgment, of eliminating all triable issues of fact.

■ Plaintiff's alternative argument that he should not be denied summary judgment, even though there may be potential issues of which defendant's vehicle was at fault, is also flawed. Under plaintiff's reasoning, defendants' conflicting versions of the accident fail to raise an issue of fact because neither defendant's account places any liability on the part of plaintiff. In effect, plaintiff wishes us to hold that since he was an innocent driver, who was rear-ended by another car and did not contribute to the happening of the accident, he is entitled to partial summary judgment against defendant drivers on the issue of liability. Plaintiff's argument conflates his claim of freedom from culpability with defendants' alleged negligence.

This conflation apparently stems from a misapplication of this Court's holding in *Garcia v Tri-County Ambulette Serv.* (282 AD2d 206 [1st Dept 2001]). In *Garcia*, this Court, in effect, held that in an automobile negligence action, an "innocent plaintiff" must be granted summary judgment on the resolved issue of his lack of culpable conduct, irrespective of the unresolved issue of a defendant driver's negligence. *Garcia*, however, requires a closer look. In *Garcia*, the plaintiff was a passenger in the rear seat of an ambulette when it was involved in an intersection accident with another vehicle. Both drivers maintained that they had a green light to enter the intersection. In the lower court, the plaintiff's motion for partial summary judgment on the issue of liability against the two drivers was denied. This Court, however, reversed, finding that the "[p]laintiff, as an innocent rear-seat passenger in one of the vehicles who cannot possibly be found at fault under either defendant's version of the accident, [was] entitled to partial summary judgment" (*id.* at 207).

The confusion in *Garcia* stems from the fact that in the body of the decision, this Court explicitly stated that the "plaintiff

should have been granted partial summary judgment on the issue of *liability*" (*id.* [emphasis added]), suggesting that this Court found the defendants negligent as a matter of law. A closer reading reveals, however, that this Court only found that the plaintiff was free from culpable conduct on the issue of liability. The decretal paragraph of the *Garcia* decision clarified that the "plaintiff's motion [was] granted *to the extent* of finding no culpable conduct by plaintiff on the issue of liability" (*id.* at 207 [emphasis added]).

In *Garcia*, this Court granted summary judgment to the plaintiff on the resolved issue of her lack of culpable conduct pursuant to CPLR 3212 (g). This section permits a motion court to limit issues of fact for trial, by specifying which facts are not in dispute or are incontrovertible, and such facts shall be deemed established for all purposes in the action (*see e.g. Siewert v Loudonville Elementary Sch*ool, 210 AD2d 568, 569 [3d Dept 1994]). The provision "recognizes that, notwithstanding the denial or partial grant, one of several facts may nonetheless appear to be conceded or otherwise definitively resolved by the moving and opposing papers" (Philip M. Halpern, *Unlocking a Valuable Tool: Summary Judgment Hearings on Issues of Fact*, 33 Westchester Bar J 98, 100-101 [2006], citing David D. Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C3212:35). Thus, as *Garcia* illustrates, when facts are established, "there is no need to examine further such facts and those facts found to be without dispute should be enumerated in the order disposing of the motion and be usable without further litigation" (*id.; see e.g. Cooper v Mallory*, 51 Misc 2d 749 [Sup Ct, Suffolk County 1966]; *Trager v Trager*, 43 Misc 2d 829, 832-833 [Sup Ct, Queens County 1964]).

There is a significant distinction between granting a plaintiff summary judgment on her lack of culpable conduct on liability and granting a plaintiff summary judgment on a defendant's negligence. A grant of partial summary judgment against a defendant on liability in a negligence case is the equivalent of finding that the defendant owed the plaintiff a duty of care, the defendant breached that duty by its negligence, and such breach proximately caused the plaintiff injury (*see Ortega v Liberty Holdings, LLC*, 111 AD3d 904, 905-906 [2d Dept 2013]). In contrast, a grant of partial summary judgment on the issue of the plaintiff's lack of fault or culpability is a much narrower finding. Such a finding merely establishes as a matter of law that the plaintiff is free of any negligence, as would be the case of an innocent passenger or driver.

As the aforementioned discussion illustrates, the pronouncement in *Garcia* stands only for the proposition that in motor vehicle negligence actions, an innocent plaintiff is entitled to a determination that she had no culpable conduct on the issue of liability irrespective of the unresolved issue of a defendant driver's negligence. This Court's recent holding in *Mello v Narco Cab Corp.* (105 AD3d 634 [1st Dept 2013]) underscores the point. In *Mello*, the plaintiff established that, as a back-seat passenger in a taxicab that rear-ended a second vehicle, she was free of negligence as a matter of law. Specifically, the plaintiff testified that just before the accident occurred, her friend, who was with her in the back seat, was in the process of instructing the driver to slow down. The driver testified he did not hear the plaintiff's friend. Under the circumstances, this Court found that "there is no basis for finding that plaintiff or her friend did anything to cause the accident or could have prevented it" (*id.* at 635). Citing *Garcia*, this Court found that "[s]ince plaintiff was an innocent rear-seat passenger who cannot be found at fault under any version of how the accident occurred, the motion [for summary judgment] should have been granted to the extent indicated," that is, a "finding [of] no culpable conduct by plaintiff on the issue of liability" (*id.* at 634-635).

While the pronouncement in *Garcia* and its progeny, that an innocent plaintiff is entitled to a determination that she had no culpable conduct on the issue of liability irrespective of the unresolved issue of a defendant driver's negligence, was applied in vehicle accident cases involving innocent plaintiff passengers, its reasoning applies with equal force to innocent plaintiff drivers. An innocent plaintiff driver exists in a case where the plaintiff driver did not contribute to the happening of the accident in any way. A typical example is the case at bar where plaintiff driver, while stopped, was rear-ended by the following driver.

The *Garcia* factual scenario, however, must be distinguished from the factual scenario where the innocent plaintiff has met her burden of establishing a defendant driver's negligence. For example, in *Johnson v Phillips* (261 AD2d 269 [1st Dept 1999]), this Court held that the plaintiff, an innocent passenger in a vehicle that was rear-ended, was entitled to partial summary judgment on liability against the driver who was following too closely even though there were "potential issues of comparative negligence as between defendant and the driver of the vehicle

in front" (*id.* at 272). In *Johnson*, the plaintiff proved entitlement to summary judgment on liability by submitting evidence establishing that the automobile accident happened as follows:

> "Plaintiff was a passenger in a vehicle heading southbound on Route 9 in Irvington. The driver of that vehicle stopped in the left lane at an intersection to make a left-hand turn. The southbound side of Route 9 is a two-lane roadway. As this car, over the course of about five seconds, waited to make its turn while northbound traffic cleared, the vehicle driven by defendant, also driving in a southerly direction, struck it in the rear. . . . [A] Police Accident Report . . . recorded that the accident occurred at 2:15 P.M. on a sunny day" (*Johnson*, 261 AD2d at 269-270).

In *Johnson*, this Court rejected the defendant's alleged non-negligent explanation for the rear-end collision. The defendant alleged that "he entered the left lane as a consequence of tree-trimming activity in the right lane, that his vision was obstructed by glare and hence he had not seen the car in front of him and, in any event, the turning car had neither brake lights nor turn signal on" (*id.* at 270). Instead, this Court found the defendant negligent as a matter of law for failing to observe traffic conditions and maintaining a safe distance (*id.* at 271-272). Finding the following driver negligent, this Court determined that the plaintiff's right, as an innocent passenger, was not in any way restricted by any potential issue of comparative negligence between such driver and the driver of the vehicle in front of him (*id.* at 172).

Here, we find that the facts of this case are analogous to the *Garcia* scenario and distinguishable from the *Johnson* scenario. Plaintiff has established his lack of culpable conduct as an undisputed innocent driver, which entitles him to summary judgment on lack of fault pursuant to CPLR 3212 (g) (*see e.g. Medina v Rodriguez*, 92 AD3d 850 [2d Dept 2012]; *Mello v Narco Cab Corp.*, 105 AD3d 634 [2013]; *Garcia v Tri-County Ambulette Serv.*, 282 AD2d 206 [2001]). However, unlike in *Johnson*, plaintiff has not established entitlement to summary judgment on liability against either defendant driver because of the conflicting and unresolved facts concerning the accident and which vehicle was responsible for the accident.

Accordingly, the order of Supreme Court, Bronx County (Norma Ruiz, J.), entered March 25, 2015, which granted de-

fendants' motions for an order changing venue to Richmond County, and denied plaintiff's cross motion for summary judgment on the issue of liability, should be modified, on the law, to grant plaintiff's motion for summary judgment to the extent of finding no culpable conduct by plaintiff on the issue of liability and dismissing defendants' affirmative defenses of comparative negligence as against plaintiff, and otherwise affirmed, without costs.

ACOSTA, J.P., MANZANET-DANIELS, KAPNICK and WEBBER, JJ., concur.

Order, Supreme Court, Bronx County, entered March 25, 2015, modified, on the law, to grant plaintiff's motion for summary judgment to the extent of finding no culpable conduct by plaintiff on the issue of liability and dismissing defendants' affirmative defenses of comparative negligence as against plaintiff, and otherwise affirmed, without costs.