■ AXA ART INSURANCE CORPORATION, as Subrogee of Richard Avedon Foundation, Respondent-Appellant, v FORTRESS

Fine Art Storage, Also Known as Fortress New York Holdings, Inc., Appellant-Respondent. [40 NYS3d 61]—

Order, Supreme Court, New York County (Jennifer G. Schecter, J.), entered on or about December 11, 2015, which, to the extent appealed from as limited by the briefs, denied plaintiff's motion for summary judgment as to liability and a stay pending adjudication of a related proceeding, and denied defendant's cross motion to dismiss the complaint, unanimously affirmed, as to the denial of the motions for summary judgment and to dismiss, and appeal therefrom otherwise dismissed, without costs, as moot.

Plaintiff, as subrogee of its insured, the Richard Avedon Foundation, seeks damages for water damage that a photograph owned by the Foundation allegedly sustained while in storage at defendant's facility.

Defendant argues that the complaint should be dismissed on the ground that plaintiff lacks standing to sue because it failed to demonstrate, by showing that it made payment to or for the Foundation, that it has a right of subrogation. Defendant waived this argument by failing to raise it in the answer (CPLR 3211 [e]; *Wells Fargo Bank, N.A. v Jones*, 139 AD3d 520, 524 [1st Dept 2016]). In any event, the complaint adequately alleges that plaintiff is subrogated to the Foundation's rights of recovery against defendant for the damage to the photograph, and none of the documentary evidence submitted by defendant conclusively refutes this allegation.

On its motion for summary judgment as to liability, plaintiff failed to establish prima facie that defendant breached a duty to the Foundation or that any such breach proximately caused damage to the photograph (*see Oluwatayo v Dulinayan*, 142 AD3d 113, 118 [1st Dept 2016]). Plaintiff failed to present any evidence that the storage facility had a leak, that defendant had notice of any such leak and a reasonable opportunity to repair it, that any such leak was the cause of any damage, or indeed that the photograph sustained water damage.

Plaintiff's appeal from the denial of its motion for a stay pending a determination in the related action between itself and the insured is moot in light of the recent settlement of that action. Concur—Sweeny, J.P., Renwick, Manzanet-Daniels, Gische and Webber, JJ.