Hedian v MTLR Corp. (2019 NY Slip Op 01502)





Hedian v MTLR Corp.


2019 NY Slip Op 01502


Decided on February 28, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 28, 2019

Friedman, J.P., Kapnick, Webber, Oing, Singh, JJ.


8559 155473/17

[*1]Wendell Hedian, Plaintiff-Respondent,
v MTLR Corp., et al., Defendants, Jack L. Spraker doing business as Glove City Transportation, et al., Defendants-Appellants.


Dwyer & Taglia, New York (Gary J. Dwyer of counsel), for appellants.
Wingate, Rusotti, Shapiro & Halperin, LLP, New York (Noah Katz of counsel), for respondent.



Order, Supreme Court, New York County (Adam Silvera, J.), entered March 14, 2018, which, insofar as appealed from as limited by the briefs, granted plaintiff's motion for summary judgment on liability as against defendants-appellants Jack L. Spraker d/b/a Glove City Transportation and Randy L. Parese and to dismiss their affirmative defenses premised upon plaintiff's purported comparative fault, unanimously modified, on the law, to deny the motion as to defendants-appellants' liability, and otherwise affirmed, without costs.
While plaintiff is correct that he demonstrated his own absence of negligence in connection with the accident and Supreme Court properly dismissed defendants-appellants' affirmative defenses premised upon his purported comparative fault, Supreme Court should have denied his motion to the extent that it sought summary judgment on the issue of defendants-appellants' negligence, because Parese's affidavit demonstrates that there are triable issues of fact as to which defendant driver was responsible for the accident (see Rodriguez v City of New York, 31 NY3d 312, 324 [2018]; Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853 [1985]; Poon v Nisanov, 162 AD3d 804, 807-808 [2d Dept 2018]; Oluwatayo v Dulinayan, 142 AD3d 113, 120 [1st Dept 2016]; Moreno v Golden Touch Transp., 129 AD3d 581 [1st Dept 2015]). The record shows that a T-bone accident occurred between defendants' and defendants-appellants' vehicles and it is possible that the jury could find that Parese had the green traffic signal when the impact between the two vehicles occurred and had acted reasonably and prudently under the circumstances (see Mack v Seabrook, 161 AD3d 704, 705 [1st Dept 2018]; Merino v Tessel, 166 AD3d 760, 760-761 [2d Dept 2018]).
Lastly, we decline to review plaintiff's arguments regarding the Vehicle and Traffic Law made for the first time on appeal, since they require additional facts to determine their applicability.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: FEBRUARY 28, 2019
CLERK