Algarin v Sackin (2019 NY Slip Op 04493)





Algarin v Sackin


2019 NY Slip Op 04493


Decided on June 6, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 6, 2019

Friedman, J.P., Tom, Kapnick, Kahn, JJ.


9578N 21397/14E

[*1] Nilda Algarin, Plaintiff-Appellant,
v
Stuart M. Sackin, et al., Defendants-Respondents.


Ogen & Sedaghati, P.C., New York (Eitan Alexander Ogen of counsel), for appellant.
Ahmuty, Demers & McManus, Albertson (Nicholas M. Cardascia of counsel), for respondents.



Order, Supreme Court, Bronx County (Doris M. Gonzalez, J.), entered on or about August 13, 2018, which granted defendants' motion to change venue from Bronx County to Nassau County, unanimously affirmed, without costs.
The court granted defendants' motion to change venue on forum non conveniens grounds. However, the motion was brought pursuant to CPLR 510(1) ("the county designated for that purpose is not a proper county"), and, in the exercise of our discretion, we affirm on that ground (see CPLR 503[a] ["the place of trial shall be in the county in which one of the parties resided when it was commenced"]). Although defendants did not move to change venue until more than three years after they served their answer (see CPLR 511[a]), the record demonstrates that plaintiff repeatedly made misrepresentations about her residence when the action was commenced and that defendants moved promptly to change venue after ascertaining her residence (see Oluwatayo v Dulinayan, 142 AD3d 113, 116 [1st Dept 2016]; Philogene v Fuller Auto Leasing, 167 AD2d 178, 179 [1st Dept 1990]). In a bankruptcy proceeding she initiated in April 2016, plaintiff signed documents under the penalty of perjury indicating that she resided in Nassau County when the instant action was commenced. Although plaintiff claimed that that address was given because of an error by her bankruptcy attorney, she failed to submit any documentary evidence showing that she actually resided in the Bronx at the time the action was commenced. Further, plaintiff failed to explain adequately the fact that her 2013 and 2014 W-2 forms showed that she resided in Nassau County.
As plaintiff and defendants resided in Nassau County when the accident that gave rise to this action happened, and the accident took place in Nassau County, the proper venue is Nassau County.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JUNE 6, 2019
CLERK