McBrearty v McBrearty (2023 NY Slip Op 03230)

McBrearty v McBrearty

2023 NY Slip Op 03230

Decided on June 14, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 14, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
PAUL WOOTEN
WILLIAM G. FORD
LILLIAN WAN, JJ.

2021-01890
 (Index No. 610673/19)

[*1]Colleen McBrearty, respondent, 
v
Sharon McBrearty, et al., appellants.

Gentile & Tambasco (James G. Bilello, Hicksville, NY [Susan J. Mitola], of counsel), for appellant Sharon McBrearty.
Gruenberg Kelly Della, Ronkonkoma, NY (Eva Leone Kennedy of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendant Sharon McBrearty appeals, and the defendants Anthony Sciacca and Autozone, Inc., separately appeal, from an order of the Supreme Court, Suffolk County (Martha L. Luft, J.), dated February 3, 2021. The order, insofar as appealed from by the defendant Sharon McBrearty, upon granting the plaintiff's motion for summary judgment dismissing all affirmative defenses alleging comparative negligence, sua sponte, awarded summary judgment to the plaintiff on the issue of liability against the defendant Sharon McBrearty.
ORDERED that the appeal by the defendants Anthony Sciacca and Autozone, Inc., is dismissed as abandoned, without costs or disbursements; and it is further,
ORDERED that the notice of appeal of the defendant Sharon McBrearty is deemed to be an application for leave to appeal, and leave to appeal is granted (see CPLR 5701[c]); and it is further,
ORDERED that the order is reversed insofar as appealed from by the defendant Sharon McBrearty, on the law, without costs or disbursements.
The plaintiff allegedly sustained personal injuries when a vehicle operated by the defendant Sharon McBrearty (hereinafter the defendant) in which the plaintiff was a passenger collided with another vehicle. The plaintiff commenced this action to recover damages for personal injuries and thereafter moved for summary judgment dismissing all affirmative defenses alleging comparative negligence. In an order dated February 3, 2021, the Supreme Court, inter alia, upon granting the plaintiff's motion, sua sponte, awarded summary judgment to the plaintiff on the issue of liability against the defendant. The defendant appeals.
The "party seeking summary judgment bears the initial burden of establishing his or her prima facie entitlement to judgment as a matter of law, tendering evidence sufficient to eliminate any triable, material issues of fact from the case" (Phillip v D & D Carting Co., Inc., 136 AD3d 18, 22; see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853; Zuckerman v City of New York, [*2]49 NY2d 557, 562). Here, the plaintiff does not dispute the defendant's contention that the evidence of the plaintiff's own freedom from comparative fault did not also establish, prima facie, the defendant's negligence (see Campbell v Mincello, 184 AD3d 412, 412; Oluwatayo v Dulinayan, 142 AD3d 113, 117-119), and she does not object to a reversal of so much of the order as, sua sponte, awarded summary judgment to the plaintiff on the issue of liability against the defendant. Accordingly, we reverse the order insofar as appealed from by the defendant.
DILLON, J.P., WOOTEN, FORD and WAN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court