| |
|---|
| **Bissesar v Time Warner Cable** |
| 2024 NY Slip Op 31369(U) |
| April 19, 2024 |
| Supreme Court, New York County |
| Docket Number: Index No. 161363/2017 |
| Judge: James G. Clynes |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

| | | | |
|---|---|---|---|
| PRESENT: | HON. JAMES G. CLYNES | PART | 22M |
| | *Justice* | | |

-----------------------------------------------------------------X

CHANDRADAI BISSESAR,

                    Plaintiff,

               - v -

TIME WARNER CABLE, DONOVAN E. CREARY, NARINE BISSESAR, STACY BISSESAR

                   Defendants.

-----------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 161363/2017 |
| MOTION DATE | 05/02/2023, 06/05/2023 |
| MOTION SEQ. NO. | 005 006 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 005) 77, 78, 79, 80, 81, 82, 83, 84, 85, 86, 87, 88, 89, 90, 92, 93, 108, 109, 110, 111, 112, 113, 121, 122, 123, 124, 125

were read on this motion to/for                      JUDGMENT - SUMMARY .

The following e-filed documents, listed by NYSCEF document number (Motion 006) 94, 95, 96, 97, 98, 99, 100, 101, 102, 103, 104, 105, 106, 107, 114, 115, 116, 117, 118, 119, 120, 126, 127

were read on this motion to/for                      JUDGMENT - SUMMARY .

Upon the foregoing documents and following oral argument, the motion by Defendants Narine Bissesar and Stacy Bissesar (Bissesar Defendants) for summary judgment on the issue of liability and dismissal of Plaintiff's Complaint and all cross-claims and in the event a complete dismissal is not granted, dismissing Plaintiff's Verified Complaint against the Bissesar Defendants wherein the cross-claims of Time Warner Entertainment, L.P. and Donovan Creary are converted to a third-party action (Motion Sequence #5) and the motion by Plaintiff, Chandradai Bissesar, for summary judgment on the issue of liability against Defendants Time Warner Entertainment, Co. L.P., and Donovan E. Creary and striking Defendants Time Warner Entertainment, Co. L.P., and Donovan E. Creary's Second and Eighth Affirmative Defenses (Motion Sequence #6) are consolidated for decision and decided as follows:

Plaintiff seeks recovery for injuries allegedly sustained as a result of a January 6, 2017 motor vehicle accident between a vehicle owned by Defendant Narine Bissesar and operated by

**161363/2017 BISSESAR, CHANDRADAI vs. TIME WARNER ENTERTAINMENT**
Motion No. 005 006

Page 1 of 5

Defendant Stacy Bissesar within which Plaintiff was a passenger and a vehicle owned by Defendant Time Warner Cable and operated by Defendant Creary.

Motion Sequence #5

The Bissesar Defendants contend that Defendant Stacy Bissesar is not liable for the subject accident or Plaintiff's injuries and that she is entitled to the protections of the emergency doctrine. In support of their motion, the Bissesar Defendants rely on an uncertified police report, the examination before trial (EBT) testimony of Plaintiff, Stacy Bissesar, and Defendant Creary, and a Time Warner Cable Auto Incident Report.

Plaintiff testified that she was a front seat passenger in a vehicle owned by her husband, Defendant Narine Bissesar, and operated by her daughter Defendant Stacy Bissesar, traveling in the left lane on Jamaica Avenue, going about 20-25 mph, wearing her seatbelt, she was looking straight, did not see the Time Warner Cable (TWC) vehicle in front of her vehicle before the accident, the TWC vehicle was in the right lane, her vehicle was moving at the time of impact, when the TWC vehicle struck the right passenger side of her vehicle from the mirror to the bumper.

Defendant Stacy Bissesar testified that she was driving fully in the left lane going less than 25 mph, the TWC truck was in the right lane, and he cut off in front of her trying to get into the left lane, the side towards the front of the TWC vehicle was slightly in the left lane, her vehicle was stopped at time of impact, the driver's back side of the TWC truck hit the front passenger's side of her vehicle. Defendant Stacy Bissesar further testified that she saw the vehicle for the first time when the accident occurred.

Defendant Creary testified that he was working as a foreman for Spectrum/TWC, he made a U-turn into the right lane, looked in his side view mirror, and changed lanes to go into the left lane, going under 25 mph, did not see the other car that was involved in the collision, felt an impact but no portion of his vehicle was in the right lane, his vehicle was straight in the left lane and he

161363/2017  BISSESAR, CHANDRADAI vs. TIME WARNER ENTERTAINMENT
Motion No. 005 006

Page 2 of 5

2 of 5

[* 2]

had fully completed his lane change before the accident happened. He further testified that after he felt the impact, he put his foot on the brake.

The TWC Accident Report by Defendant Creary states the following: "I was heading west on Jamaica Ave between 190th and 191st Streets when I attempted to merge from the middle lane into the left lane when the truck I was driving was hit on the driver's side of the bumper."

Plaintiff has no opposition to the Bissesar Defendants' motion as it pertains to Defendant Time Warner Cable and Defendant Creary (Time Warner Defendants) being fully at fault for the collision. However, if the Bissesar Defendants' motion is denied, Plaintiff opposes their request to convert the claims into a third-party action. Plaintiff contends that this request has no basis in law, and the Bissesar Defendants provide no case law for this proposition. Plaintiff contends that as a passenger, Plaintiff may recover against either vehicle depending on fault that a jury may apportion. Therefore, in the event that the Time Warner Defendants are not found fully at fault, then, Plaintiff contends, the Bissesar Defendants should remain as defendants in this case and Plaintiff will be able to recover against either party, as per apportionment of fault by a jury, and joint and several liability rules.

The Time Warner Defendants oppose the Bissesar Defendants' motion contending that there are issues of fact and different versions of how the event occurred. The Time Warner Defendants refer to the police report, the EBT testimony of Plaintiff, Defendant Stacy Bissesar, and Defendant Creary, the TWC Auto Incident Report, and a photograph of the Bissesar vehicle.

A party moving for summary judgment must make a prima facie showing of entitlement to judgment as a matter of law, through admissible evidence eliminating all material issues of fact (CPLR 3212; *Shaw v Looking Glass Assoc. LP*, 8 AD3d 100, 102 [1st Dept 2004]). The party opposing the motion, on the other hand, must produce evidentiary proof in admissible form sufficient to require a trial of a material question of fact.

Here, the conflicting accounts of the accident set forth by the parties raise issues of fact sufficient to preclude summary judgment on the issue of liability in favor of the Bissesar

161363/2017 BISSESAR, CHANDRADAI vs. TIME WARNER ENTERTAINMENT
Motion No. 005 006

Page 3 of 5

Defendants (*Ramos v Rojas* 37 A.D.3d 291, 292 [1st Dep't 2007]). The Court has considered the Bissesar Defendants' remaining arguments and finds them unavailing.

Motion Sequence #6

Plaintiff's motion for summary judgment on the issue of liability against the Time Warner Defendants and striking their Second (culpable conduct) and Eighth Affirmative Defenses (Plaintiff's failure to use and wear a seatbelt) is granted in part.

Plaintiff relies on the EBT testimony of Plaintiff, Defendant Stacy Bissesar, and Defendant Creary, the Time Warner Accident Report, and color photographs of the vehicles.

The Time Warner Defendants oppose Plaintiff's motion contending that questions of fact exist as to the cause of the subject accident.

The Bissesar Defendants support Plaintiff's motion for summary judgment against the Time Warner Defendants contending that the evidence demonstrates that the vehicle operated by Defendant Creary and owned by Defendant Time Warner side swiped the vehicle operated by Defendant Stacy Bissesar at the time of the loss.

In reply, Plaintiff contends that the Time Warner Defendants feign an issue of fact, and that Defendant Creary's testimony contradicts his statements in the Time Warner Accident Report.

Here, Plaintiff has established her lack of culpable conduct as an innocent passenger, which entitles her to summary judgment under CPLR 3212 (g) (*Oluwatayo v Dulinayan*, 142 AD3d 113, 120 [1st Dept 2016]). Plaintiff has also established, through her testimony, that she was wearing a seatbelt at the time of the accident.

However, Plaintiff has not established entitlement to summary judgment on liability against any Defendant because of the conflicting and unresolved facts concerning the accident and which vehicle was responsible for the accident (*Id.*). Therefore, Plaintiff's motion is granted only to the extent that Plaintiff is an innocent passenger pursuant to CPLR 3212 (g) and the Time

Warner Defendants' Second (culpable conduct) and Eighth (Plaintiff's failure to use and wear a seatbelt) Affirmative Defenses are stricken.

Accordingly, it is

**ORDERED** that the motion by Defendants Narine Bissesar and Stacy Bissesar for summary judgment on the issue of liability (Motion Sequence #5) is DENIED; and it is further

**ORDERED** that the motion by Plaintiff for summary judgment on the issue of liability is granted to the extent of finding no culpable conduct by Plaintiff on the issue of liability and dismissing Defendants Time Warner Entertainment, Co. L.P., and Donovan E. Creary's Second and Eighth Affirmative Defenses as against Plaintiff; and it is further

**ORDERED** that Defendants Time Warner Entertainment, Co. L.P., and Donovan E. Creary's Second and Eighth Affirmative Defenses are dismissed; and it is further

**ORDERED** that within 30 days of entry, Plaintiff shall serve a copy of this Decision and Order upon Defendants with Notice of Entry.

This constitutes the Decision and Order of the Court.

| 4/19/2024 | | | | |
|---|---|---|---|---|
| **DATE** | | | JAMES G. CLYNES, J.S.C. | |
| **CHECK ONE:** | ☐ CASE DISPOSED | | ☒ NON-FINAL DISPOSITION | |
| | ☐ GRANTED | ☐ DENIED | ☒ GRANTED IN PART | ☐ OTHER |
| **APPLICATION:** | ☐ SETTLE ORDER | | ☐ SUBMIT ORDER | |
| **CHECK IF APPROPRIATE:** | ☐ INCLUDES TRANSFER/REASSIGN | | ☐ FIDUCIARY APPOINTMENT | ☐ REFERENCE |

161363/2017  BISSESAR, CHANDRADAI vs. TIME WARNER ENTERTAINMENT
Motion No. 005 006

Page 5 of 5

5 of 5