| |
|---|
| **Gerstenfeld v Delacruz** |
| 2025 NY Slip Op 31090(U) |
| April 3, 2025 |
| Supreme Court, New York County |
| Docket Number: Index No. 151265/2022 |
| Judge: James G. Clynes |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT: **HON. JAMES G. CLYNES**

*Justice*

-----------------------------------------------------------------X

MATTHEW GERSTENFELD, SARAH KAWALEK

Plaintiffs,

- V -

JOSE M. DELACRUZ, SYED A. ZAMAN,

Defendants.

-----------------------------------------------------------------X

| | |
|---|---|
| PART | 22 |
| INDEX NO. | 151265/2022 |
| MOTION DATE | 07/01/2024 |
| MOTION SEQ. NO. | 004 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 004) 54, 55, 56, 57, 58, 59, 60, 61, 62, 63, 64, 65, 66, 67

were read on this motion to/for _____ SUMMARY JUDGMENT (AFTER JOINDER) _____ .

Upon the foregoing documents, it is ordered that the motion by plaintiffs Matthew Gerstenfeld (Gerstenfeld) and Sarah Kawalek (Kawalek) pursuant to CPLR 3212 for an Order granting summary judgment on the issue of liability in favor of plaintiffs and against defendants Syed A. Zaman (Zaman) and Jose M. Delacruz (Delacruz) and striking defendants' Affirmative Defenses as to comparative fault by plaintiff (Zaman's First Affirmative Defense alleging culpable conduct by plaintiffs and Third Affirmative Defense alleging failure to use seatbelt by plaintiffs) and Delacruz's First Affirmative Defense alleging culpable conduct by plaintiff and Sixth Affirmative Defense alleging failure to wear seatbelts by plaintiffs) is decided as follows.

Plaintiffs seek recovery for personal injury sustained as a result of an October 16, 2021 motor vehicle accident involving a vehicle operated by defendant Jose M. Delacruz (Delacruz) and a vehicle operated by defendant Syed A. Zaman (Zaman), in which plaintiffs were passengers.

This action (Action #1) is one of three actions joined for discovery and trial arising from the same motor vehicle accident. The other two joined actions are *Audia Obey v Jose M. Delacruz and Syed A, Zaman*, pending in this court under Index Number 450309/2023 (Action #2), and the action *Syed A. Zaman v Jose M. Delacruz*, pending in this court under Index Number 452338/2023 (Action #3).

[* 1]

Plaintiffs' submission includes an attorney affirmation, the pleadings, a police accident report identifying the parties and vehicles involved in the accident, and the examination before trial testimony of both plaintiffs and Zaman.

The police accident report attributes a statement to Zaman that he was stopped at the traffic light when he was rear-ended by the vehicle operated by Delacruz and attributes a statement to Delacruz that he rear-ended Zaman because Zaman suddenly stopped at the traffic light when it was turning yellow.

Gerstenfeld testified that he and Kawalek were seat-belted rear seat passengers in a vehicle operated by Zaman that was traveling north on the exit ramp from the West Side Highway at 125th Street, that Gerstenfeld directed Zaman to stay in the right lane to turn right while Zaman's vehicle was in between both lanes and merging left into the middle lane, that Gerstenfeld was looking left when he heard a sound of tires trying to stop aggressively to the back left of the car, that Gerstenfeld felt a major impact to the back left of the car, that when the impact occurred Zaman's vehicle was in between the left and right lanes, that Gerstenfeld does not know which portion of the vehicle he was a passenger in was in the left lane or which portion of the vehicle was in the right lane, that Zaman's vehicle was travelling at 50-55 miles per hour and decelerating but still traveling at a higher rate of speed than was acceptable to stop at a light, that based upon his experience using the exit ramp many times Gerstenfeld felt that Zaman's vehicle was traveling faster than was appropriate for the ramp itself; that the severity of the impact to the rear of Zaman's vehicle was "pretty impactful" and that the impact actually blew out a tire

Kawalek testified that she and Gerstenfeld were seat-belted rear seat passengers in a cab (Kawalek on the right side, Gerstefeld on the left) traveling north in the West Side Highway from midtown to 142nd Street and Riverside, that they were traveling in the taxi for ten minutes or more before the accident, that the taxi was exiting at the 125th Street exit ramp and that the accident occurred at the bottom of the exit ramp, that the exit ramp is very long and runs parallel to the West Side Highway, that there are two lanes when you get closer to the end of the ramp where there is a stop light, that the end of the ramp meets Twelfth Avenue and there is a stop light there right under the aqueduct uptown and that she knows from frequently taking the cab route home that after the light you take a sharp right turn and go uphill to get back on Riverside to continue to go north, that the taxi cab was hugging the right side when the ramp became two lanes, that she is not sure if there is a solid or broken line separating the two lanes, that she is not sure if the accident

151265/2022 GERSTENFELD, MATTHEW ET AL vs. DELACRUZ, JOSE M. ET AL
Motion No. 004

Page 2 of 5

2 of 5

occurred before the cab got to the end of the exit ramp, that she told the driver to stay in the right lane 2-3 seconds before the impact, that she is not sure if his turn signal was on, that the speed of the cab seemed fast for driving down the exit ramp because there is a traffic light at the end of the ramp, that the cab was in the process of merging lanes at the time of the accident, that she was not sure where the car was positioned at the time, that the driver was looking back to his left to see if another car was coming because the cab was merging into another lane that it was not supposed to be in, that there were two rear impacts to the vehicle in which she was a passenger: the initial impact and then a second push that was more intense, that she did not see the other vehicle prior to the impact, that she does not remember the speed of the taxi as it was merging, that she and Gerstenfeld hailed another taxi that happened upon scene and went home.

Zaman testified that he was driving his cab a 2020 Toyota Rav-4, during the Friday evening to Saturday morning shift that ended at 5:00am, that there were no mechanical issues with the cab, that he was driving his vehicle with passengers on the 125th Street exit ramp, that the accident occurred at the end of the exit ramp at 12th Avenue and St. Claire's Place; that there were two lanes of traffic and a traffic signal at the end of the exit ramp, that when he first saw the traffic light it was red and when he saw the red light he was probably "like a yard, a yard behind, that the accident occurred when the light was red, that he was on the left side of two lanes of traffic and stopped at the red light for less than one minute when the accident occurred; that the passengers did not give him directions, that he was traveling from downtown to the West Side Highway, that he took the exit to 125th Street, that he went to the ramp and stopped at the red light for less than a minute, that he started to slow down for the light when he was in the left lane and forty or fifty feet away from the light, that he does not remember when he first became aware of the other vehicle, that he does not remember screeching of brakes or the honking of horns before the accident, that before the light turned green he was rear-ended by someone, that his passengers did not say anything to him just prior to the impact, and an affidavit from plaintiff in which she avers that she was a rear seat passenger in the vehicle owned and operated by Delacruz when it was involved in a motor vehicle accident with the vehicle owned and operated by Zaman, that she sustained injuries as a result of the accident, and that she was in no way responsible for the accident.

Both Zaman and Delacruz submitted attorney affirmations in opposition.

**151265/2022  GERSTENFELD, MATTHEW ET AL vs. DELACRUZ, JOSE M. ET AL**
**Motion No.  004**

Page 3 of 5

3 of 5

Zaman submits an attorney affirmation in opposition, in which he concedes that plaintiffs are entitled to a finding that they are free from liability as innocent passengers, but also contends that the portion of the motion seeking summary judgment on liability against Zaman must be denied because the plaintiffs' submission does not establish prima facie negligence by Zaman. Instead, Zaman's attorney affirmation in opposition contends that plaintiffs' motion should be denied because Zaman's testimony that his vehicle was stopped when it was rear-ended by Delacruz' vehicle established that Delacruz and not Zaman is liable for the accident.

Delacruz' attorney affirmation in opposition contends that plaintiff failed to establish prima facie negligence by both defendants and that the motion must be denied because it does not include include a statement of material facts as required by 22 NYCRR 202.8-g (a).

In reply to Zaman's opposition, plaintiffs contend that they are entitled to summary judgment because as innocent passengers they are free from liability for the accident. In reply to Delacruz's opposition, plaintiffs contend that Delacruz fails to raise an issue of fact as to his liability for the accident, that Delacruz's opposition should not be considered because it was not timely filed within 7 days of the noticed motion return date, and that Delacruz's argument that the motion must be denied based on plaintiffs' failure to include a statement of material facts is wrong because that rule has been amended and no longer requires the court to deny a motion based upon the failure to file of a statement of material facts.

There is no dispute that plaintiffs are free from liability as innocent passengers and are therefore entitled to partial summary judgment on the issue of liability (*see Garcia v Tri-County Ambulette Service*, 282 A.D.2d 206 [1st Dept. 2001]). However, based upon the submissions before the court on the instant motion, material issues of fact preclude a determination of liability against defendants Delacruz and Zaman as a matter of law. "It is well settled that the right of an innocent passenger to summary judgment is not in any way restricted by potential issues of comparative negligence as between the drivers of the ... vehicles" (/d). Therefore, plaintiffs' motion for summary judgment on liability in their favor is granted only to the extent that plaintiffs are determined to be free from liability as innocent passengers in the Zaman vehicle and the portions of plaintiffs' motion seeking summary judgment on the issue of liability against both defendants is denied. There is no evidence of culpable conduct by plaintiffs and there is no evidence that plaintiffs were not wearing seatbelts at the time of the accident. Therefore, the portion of plaintiffs' motion seeking to strike affirmative defenses alleging culpable conduct by

**151265/2022 GERSTENFELD, MATTHEW ET AL vs. DELACRUZ, JOSE M. ET AL**
**Motion No. 004**

**Page 4 of 5**

4 of 5

plaintiffs is granted to the extent that Zaman's First and Third Affirmative Defenses are stricken and that Delacruz's First and Sixth Affirmative Defenses are stricken. Accordingly, it is

ORDERED that plaintiffs' motion for summary judgment on liability in favor of plaintiffs and against defendants is granted only to the extent that plaintiffs, as innocent passengers are determined to be free from liability, and that the portion of the motion seeking a determination of liability against defendants Delacruz and Zaman is denied; and it is further

ORDERED that Zaman's First and Third Affirmative Defenses are stricken; and it is further

ORDERED that Delacaruz's First and Sixth Affirmative Defenses are stricken; and it is further

ORDERED that counsel for the moving parties shall serve a copy of this order with notice of entry upon the Clerk of the Court and the Clerk of the General Clerk's Office, who are directed to mark the court's records to reflect the change in the caption herein; and it is further

ORDERED that such service upon the Clerk of the Court and the Clerk of the General Clerk's Office shall be made in accordance with the procedures set forth in the *Protocol on Courthouse and County Clerk Procedures for Electronically Filed Cases* (accessible at the "E-Filing" page on the court's website).

This constitutes the Decision and Order of the Court.

| __4/3/2025__ | | | | |
|---|---|---|---|---|
| **DATE** | | | JAMES G. CLYNES, J.S.C. | |
| **CHECK ONE:** | ☐ CASE DISPOSED | | ☒ NON-FINAL DISPOSITION | |
| | ☐ GRANTED | ☐ DENIED | ☒ GRANTED IN PART | ☐ OTHER |
| **APPLICATION:** | ☐ SETTLE ORDER | | ☐ SUBMIT ORDER | |
| **CHECK IF APPROPRIATE:** | ☐ INCLUDES TRANSFER/REASSIGN | | ☐ FIDUCIARY APPOINTMENT | ☐ REFERENCE |

**151265/2022 GERSTENFELD, MATTHEW ET AL vs. DELACRUZ, JOSE M. ET AL** Page 5 of 5
**Motion No. 004**

5 of 5

[* 5]