**9**     FLORINDA B. TOME et al., Plaintiffs, v JORGE BUITRAGO et al., Defendants.—Motion for reargument or for leave to appeal to Court of Appeals denied with $20 costs. Concur—Birns, Sandler, Ross and Markewich, JJ.

Kupferman, J. P., dissents in the following memorandum: The liability jury found in favor of plaintiff Florinda Tome and apportioned liability 30% against defendant Butlien, and 70% against coplaintiff Manuel Tome, the owner and operator of the vehicle involved in the accident. However, the damages jury did not make an award to plaintiff even though there was clearly damage. (The extent of such damage is not now germane to the issue.) Thus, plaintiff contends the verdict in the trial on damages is contrary to the weight of the evidence. A seat belt defense was properly limited to the jury's determination of plaintiff's damages and in mitigation thereof. (*Spier v Barker,* 35 NY2d 444, 449-450.) The only possible basis for the damages jury's determination was on consideration of evidence of possible nonuse of an available seat belt and a finding that this *entirely* mitigated plaintiff's damages. For such a result, however, it would seem that there should have been a special finding by the jury assessing damages. Consequently, I would grant reargument, and on reargument remand for a new trial, or, in the alternative, grant leave to appeal to the Court of Appeals.

## (April 10, 1980)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LILLIAN ABREU, Appellant.—Judgment, Supreme Court, New York County, rendered May 5, 1978, convicting defendant, upon her plea of guilty, of criminal possession of a controlled substance in the third degree and sentencing her to three years to life, modified, as a matter of discretion and in the interest of justice, to the extent of reducing the sentence to one year to life, and, except, as thus modified, affirmed. We believe the sentence imposed was excessive to the extent indicated. Concur—Sandler, J. P., Sullivan, Silverman and Carro, JJ.; Lupiano, J., dissents in part in a memorandum as follows: I would not disturb the sentence. The Sentencing Judge properly exercised his discretion.