| |
|---|
| **Nieves v Jacques** |
| 2025 NY Slip Op 31003(U) |
| March 25, 2025 |
| Supreme Court, New York County |
| Docket Number: Index No. 160194/2022 |
| Judge: James G. Clynes |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT: **HON. JAMES G. CLYNES**                                    PART                    **22M**

*Justice*

-----------------------------------------------------------------X

MICHAEL NIEVES,

                                 Plaintiff,

                  - v -

DIMITRI AJAHN JACQUES, NEW YORK CITY HOUSING
AUTHORITY, BIKRAMJIT SINGH, PSWA MANAGEMENT
LLC, LYFT, INC.,

                          Defendant.

-----------------------------------------------------------------X

|  |  |
|---|---|
| INDEX NO. | 160194/2022 |
| MOTION DATE | 05/03/2024 |
| MOTION SEQ. NO. | 001 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 001) 40, 41, 42, 43, 44, 45, 46, 47, 48, 49, 50, 51, 52, 53, 54, 55, 56, 57, 58, 59, 60, 61, 62, 63, 64, 65, 66, 67, 68

were read on this motion to/for                 **JUDGMENT - SUMMARY**

      Upon the foregoing documents, it is ordered that plaintiff's motion pursuant to CPLR 3212 for an Order granting summary judgment on the issue of liability only in plaintiff's favor and against defendants and setting this matter down for an assessment of damages pursuant to CPLR 3212 (c) is decided as follows.

      Plaintiff seeks recovery for personal injury sustained as a result of a September 28, 2021 motor vehicle accident involving a vehicle operated by defendant Dimitri Ajahn Jacques (Jacques) and owned by defendant New York City Housing Authority (NYCHA) and a vehicle operated by defendant Bikramjit Singh (Singh) and owned by PSWA Management LLC (PSWA), in which plaintiff was a passenger who arranged for his ride using the on-line ride application operated by defendant Lyft, Inc. (Lyft).

      Plaintiff's submission includes an affidavit from the plaintiff in which he avers that he was a seat-belted passenger in the Singh vehicle when it was involved in an accident with the vehicle operated by Jacques; that at the time of the accident Singh was attempting to merge from the left lane into the right lane, that plaintiff feels that Jacques was traveling well above the speed limit, that plaintiff does not believe Singh should have attempted to merge without first ascertaining whether it was safe to do so and that plaintiff feels that Jacques may have been able to avoid the accident if not traveling so fast, and that plaintiff bears no culpable conduct for the accident.

160194/2022   NIEVES, MICHAEL vs. JACQUES, DIMITRI AJAHN ET AL          Page 1 of 4
Motion No.  001

1 of 4

[* 1]

Plaintiff's submission also includes a certified police accident report identifying each of the parties, except defendant Lyft. The certified police accident report indicates that plaintiff was taken to the hospital and includes Jacques' statement that he was going straight in the right lane when Singh tried to overtake Jacques' vehicle and struck Jacques' vehicle and Singh's statement that he was in the left lane when Jacques's vehicle struck his vehicle on the side.

Lyft did not submit opposition to the motion. Plaintiff's affidavit in support does not specifically refer to Lyft. The only reference to Lyft in plaintiff's attorney affirmation in support is to state that Lyft filed an Answer.

Defendants Jacques and NYCHA oppose the motion arguing that it should be denied because plaintiff has failed to demonstrate prima facie negligence by Jacques and NYCHA, and because it is premature since discovery has not been completed. They submit an affidavit by Jacques in which he avers that he was operating the vehicle during the course of his employment with NYCHA, that he was driving northbound in the right lane of two lanes of traffic and approaching the intersection, that approximately fifty feet from the intersection the left lane turns into a left-turn-only lane, that as he approached the intersection the traffic signal was a steady green and traffic conditions were moderate-to-heavy, that he was driving in the right lane at approximately 15-20 miles per hour and intended to proceed straight, that he noticed a black Camry (the Singh/PSWA vehicle) stopped in traffic in the left lane, and when he began to pass the Camry, the Camry abruptly entered Jacques' lane and the right front passenger side of the Camry struck the left driver's side of Jacques' vehicle, that neither the operator of the Camry nor Jacques were injured and that the Camry had a backseat passenger who was uninjured and not wearing a seatbelt.

Singh and PSWA oppose the motion arguing that the motion is premature as discovery is not complete, that material issues of fact exist sufficient to preclude a determination of liability as a matter of law, and that plaintiff's submission has failed to demonstrate that plaintiff, as an innocent passenger, is free from liability as a matter of law. Alternatively, Sing and PSWA contend that any order granting plaintiff's motion should be limited to a finding that plaintiff as an innocent passenger did not contribute to the accident. They submit an affidavit by Singh in which he avers that he was traveling in the left lane of traffic, that he came to a complete stop at a red traffic signal when suddenly and without warning the Jacques/NYCHA vehicle traveling in the right lane side swiped the Singh/PSWA vehicle, and that the rear left bumper of the

**160194/2022 NIEVES, MICHAEL vs. JACQUES, DIMITRI AJAHN ET AL** **Page 2 of 4**
Motion No. 001

2 of 4

[* 2]

Jacques/NYCHA vehicle struck the front right bumper of the Singh/PSWA vehicle causing damage to the bumper and right front tire.

Material issues of fact exist sufficient to preclude a determination of liability against or among the defendants. The accounts of the accident offered in the affidavits of plaintiff, Singh and Jacques are in conflict. Plaintiff avers that Singh was attempting to merge when it was not safe and Jacques was speeding. Singh avers that his vehicle was stopped when it was side-swiped by the Jacques/NYCHA vehicle. Jacques avers that the Singh/PSWA vehicle abruptly entered the lane of the Jacques/NYCHA vehicle and struck it. Conflicts between the affidavits of plaintiff and Jacques create an issue of fact as to whether plaintiff was using a seatbelt at the time of the accident.

Although there is no evidence that plaintiff, an innocent passenger in the Singh/PWSA vehicle, bears any liability for the accident, plaintiff's submission did not establish prima facie negligence by any of the defendants

There is no dispute that Plaintiff is free from liability as an innocent passenger and is therefore entitled to partial summary judgment in his favor on the issue of liability (*see Garcia v Tri-County Ambulette Service, Inc.*, 282 A.D.2d 206 [1st Dept. 2001]). However, based upon the submissions before the court on the instant motion, issues of fact preclude a determination of the liability against and among the defendants Jacques, NYCHA, Singh, PSWA, and Lyft, as a matter of law. "It is well settled that the right of an innocent passenger to summary judgment is not in any way restricted by potential issues of comparative negligence as between the drivers of the … vehicles" (Id.). Therefore, plaintiff's motion for summary judgment on liability in his favor is granted only to the extent that plaintiff is determined to be free from liability as an innocent passenger; and the portions of the motion seeking summary judgment on liability against the defendants and setting this matter down for assessment of damages is denied. Accordingly, it is

ORDERED that plaintiff's motion for summary judgment on liability in her favor is granted only to the extent that it is determined that plaintiff, as an innocent passenger, is free from liability for the subject accident; and it is further

ORDERED that the portion of plaintiff's motion seeking summary judgment on liability against the defendants and setting this matter down for an assessment of damages is denied; and it is further

160194/2022 NIEVES, MICHAEL vs. JACQUES, DIMITRI AJAHN ET AL Page 3 of 4
Motion No. 001

3 of 4

ORDERED that within 20 days of entry, movant shall serve a copy of this Order with notice of entry upon all parties in this action and upon the Clerk of the Court and the Clerk of the General Clerk's Office, who are directed to mark the court's records, accordingly; and it is further

ORDERED that such service upon the Clerk of the Court and the Clerk of the General Clerk's Office shall be made in accordance with the procedures set forth in the Protocol on Courthouse and County Clerk Procedures for Electronically Filed Cases (accessible at the "E-Filing" page on the court's website).

This constitutes the Decision and Order of the Court.

| 3/25/2025 | | |
|---|---|---|
| DATE | | JAMES G. CLYNES, J.S.C. |

| CHECK ONE: | ☐ CASE DISPOSED | ☒ NON-FINAL DISPOSITION | |
| | ☐ GRANTED ☐ DENIED | ☒ GRANTED IN PART | ☐ OTHER |
| APPLICATION: | ☐ SETTLE ORDER | ☐ SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | ☐ INCLUDES TRANSFER/REASSIGN | ☐ FIDUCIARY APPOINTMENT | ☐ REFERENCE |

**160194/2022 NIEVES, MICHAEL vs. JACQUES, DIMITRI AJAHN ET AL**
**Motion No. 001**

Page 4 of 4

[* 4]